Phinney agt. Phinney.

---

## SUPREME COURT.

PHINNEY agt. PHINNEY, &c.

The abolishing, by the Code, of the ancient *forms* of pleading, has not precluded the necessity of some written specification, in advance of the trial, of each party's claim or defence. But there must be no irrelevant or redundant matter in such specification, on pain of being stricken out at the instance of "any person," whether a party or not, "aggrieved thereby," including, of course, the judge whose time and patience are thus unwarrantably taxed, to the delay and detriment of other suitors.

It was *held* in this case substantially, that the complaint did not state a case over which the court had jurisdiction; nor facts sufficient to constitute a cause of action. For instance, the court was called upon, without any direct averment of the assumed fact, and without any probability of its existence, blindly to determine that the laws of Cuba were the same as the laws of Rhode Island, and the laws of Rhode Island the same as the laws of New-York.

As against one of the defendants no cause of action was made out, and as to the

other, and as to both, legal conclusions being an inadmissible substitute for facts, the complaint was equally demurrable. Whether it could be amended, *quere?*

*New-York Special Term, January,* 1859.

DEMURRERS to complaint. The facts will sufficiently appear in the opinion. ·

I. T. WILLIAMS, *for plaintiff.* ·
BLATCHFORD, SEWARD & GRISWOLD, *for defendant.*

ROOSEVELT, Justice.   Although the new Code has abolished all the ancient *forms* of pleading, it has not abolished the necessity of written specifications, in advance of the trial, of each party's claim or defence. (§ 140.) These specifications, too, are required to be " definite and certain," so as to enable the court, as well as the adverse party, to see clearly the " precise nature " of the case intended to be made.   (§ 160.)   The complaint, in particular, must contain " a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition."   And without improperly uniting incongruous causes of action.   (§§ 142, 144.)   No irrelevant or redundant matter is to be inserted, on pain of being stricken out at the instance of " any person," whether a party or not, " aggrieved thereby," including, of course, the judge whose time and patience are thus unwarrantably taxed, to the delay and detriment of other suitors.   The case, too, must not only be stated in the manner indicated, but must, when so stated, appear to be one over which the court has jurisdiction.

It is contended that the complaint in the present suit fails to conform to any of these requirements, and that the defendants, therefore, are neither of them bound to answer the same, but are each entitled, on their separate demurrers, to a judgment of dismissal with costs.   A brief outline will be necessary, to understand the nature of the objections.

Theodore Phinney, it appears, assuming the facts stated in the complaint to be true, at the time of his death, was a planter in Cuba, and was the owner of a large real and personal estate,

including negroes, all "in the said island," of the value of about $400,000. He died in April, 1852, where is not stated, leaving a widow and two sons and two daughters, who, by his death, it is said, under the laws of Spain and the provisions of the will of the deceased, without saying that there were any such laws or will or what were their contents, became "seized and possessed" of the whole estate real and personal and entitled to and interested in the same in the following proportions : one half to the widow and one-eighth to each of the children. This kind of statement involves a mere conclusion or inference, in which the plaintiffs, it will readily be seen, may be greatly mistaken. They, in effect, express an opinion of the law, and ask the court blindly to adopt it, without giving to the court the necessary materials to test its correctness. Foreign laws as well as private wills are mere facts, and, like other facts, must be set forth and proved. It is for the court, and not the parties, to determine their legal effect when produced. The propriety of this rule will be illustrated by another statement in this same complaint. One of the daughters of the deceased, in 1845, married Mr. West at Newport, in Rhode Island, "whereby," says the complaint, " he became entitled absolutely to all her personal estate, and to the income of all her real estate for life, as tenant by the curtesy." Here, it will be observed, the court is called upon to assume that the laws of Cuba are the same as the laws of Rhode Island, and the laws of Rhode Island the same as the laws of New-York, without any direct averment of the assumed fact, and without any probability of its existence.

Mrs. Phinney, it is alleged, in like manner, in another place, became the sole acting executrix of the deceased, as such controls, manages and administers, as well the real as the personal estate, and (another legal inference) is responsible therefor, and for its avails and produce, having appointed Theodore W. Phinney, one of the sons, as her agent, who has " taken upon himself the exclusive management of the estate," and, with the "connivance and consent " of Mrs. Phinney, has " greatly mismanaged it," to the damage of the plaintiffs $50,000 and

upwards, and has wrongfully converted more than $50,000 of the income to his own use. It is further charged, that neither Mrs. Phinney nor her agent has accounted to the plaintiffs, or paid over their "proper shares." Three hundred and seventy-four thousand dollars, it is admitted, have been paid by the sale of a large portion of the real estate; but the sixty acres remaining, it is alleged, are wrongfully kept and used by Theodore W. Phinney, with the consent of the executrix. The plaintiffs pray for an account and payment; for the removal of the defendants from the management of the estate, and for the appointment of a receiver, with directions to sell, &c.

As to the redundancy and uncertainty, it is unnecessary further to recite the contents of the complaint, for the reason that, although serious objections to a pleading, they are not grounds of demurrer, unless the redundancy consist in the uniting of an incongruous cause of action, or the uncertainty be so great as to present in effect no cause of action at all. In this case, no cause of action is made out against the agent of Mrs. Phinney. As her agent, he is responsible to her, and not to the other heirs or devisees. She, and she alone—there being no allegation of insolvency—is responsible for her own and her agent's acts. That ground alone would be sufficient for dismissing the complaint as to one of the defendants. And as to the other, and as to both, legal conclusions being an inadmissible substitute for facts, the complaint, in its present shape, is equally demurrable. Whether it can be cured by amendment, it is not necessary now to determine. It is enough to say that, as it now stands, it does not state facts sufficient to constitute a cause of action in this court.

Both demurrers, therefore, for I consider them distinct and separate, must be allowed, and the complaint dismissed with costs, unless the plaintiffs elect to amend, as they may in twenty days, paying at the same time the costs of the demurrers.