RICHARD D. BARCLAY, Sequestrator, &c., of The Quicksilver Mining Company, Respondent, *v.* THE QUICKSILVER MINING COMPANY, Appellant.

(GENERAL TERM, SECOND DEPARTMENT, JULY, 1872.)

Objection to the plaintiff's capacity to sue must be by answer, unless the complaint shows an absence of such capacity.

One who stands in the position of an assignee for non-resident creditors, under foreign appointment, may sue here to avoid a transfer by his predecessor in title, fraudulent against the *cestuis que trust*, without showing, by his complaint, authority under the foreign laws to maintain the action; and, it seems, although forbidden by the foreign laws.

It seems that receivers or trustees of foreign corporations may sue to recover property situate in this State, subject to the qualification that the foreign law shall not divest the title fairly acquired of citizens here.

Accordingly *held*, that a complaint by the sequestrator of a corporation, showing his due appointment under the laws of Pennsylvania, and seeking recovery of property of the foreign corporation fraudulently conveyed to a corporation here, no citizen of this State appearing to be interested as creditor, &c., was not demurrable for the plaintiff's lack of capacity to sue.

It is sufficient if the complaint contain a substantial averment of the plaintiff's ownership of the estate, without setting forth the laws under which he became entitled.

THIS was an appeal from an order of Special Term, overruling a demurrer to the complaint.

The substantial facts stated in the complaint were : That in

February, 1867, the State of Pennsylvania commenced an action in the Court of Common Pleas, of Dauphin county, of that State, against the Quicksilver Mining Company, a corporation created under its laws, and doing business therein upon an indebtedness of the defendant to the State in the sum of $27,112.25, with interest; that the defendant therein appeared in the action by attorney, and such proceedings were had that judgment was entered against the defendant for $28,139, and costs.

That an execution against property was duly issued on the judgment to the sheriff of Philadelphia county, in Pennsylvania, which was soon after returned *nulla bona*. That thereupon the plaintiff in that action presented a petition to the same court to sequester the property and effects of the defendant, and, in pursuance of and in conformity with the laws of Pennsylvania, the court granted the petition, and the plaintiff in this action was appointed a sequestrator, and duly qualified as such. That by virtue of his appointment, and under and by virtue of the laws of Pennsylvania, the plaintiff became and was entitled to the capital stock of the Quicksilver Mining Company, the defendant in the judgment, and all its property and effects, and all it had assumed to transfer to defraud the State of Pennsylvania, or the plaintiff as such sequestrator, for the purpose of satisfying said judgment and costs. That the Quicksilver Mining Company, the defendant in the judgment, made application to and procured of the legislature of the State of New York "An act to incorporate the Quicksilver Mining Company," which was approved the 10th of April, 1866. That in February, 1867, the Quicksilver Mining Company of Pennsylvania transferred the property and effects of that corporation to the Quicksilver Mining Company of New York, and since the 1st of April, 1867, all the business of the former corporation, as well as of the new corporation, had been transacted under the new corporation. That the act of incorporation passed by the legislature of New York was obtained for the purpose of making the stockholders of the old corporation a new corporation, and trans-

ferring to the latter all the property, effects, stocks and inte-
rests of the former, which purpose had been carried out and
executed, whereby the old corporation was divested of all its
property, &c., and ever since had been and was destitute of
any property or effects, and insolvent, excepting as the credi-
tors of the old corporation might impeach those acts for the
satisfaction of their debts. That the transfer was wholly volun-
tary, and without any consideration whatever. That since the
appointment of the plaintiff as sequestrator, he had demanded
of the new corporation, the defendant inthis action, the property
so fraudulently transferred to it, for the payment of the judg-
ment, &c., with which the defendant had refused to comply.

That the act incorporating the defendant was obtained, and
the transfer of its property, &c., by the old corporation to the
defendant, and all proceedings relating thereto were taken
and done, with intent to hinder, delay and defraud the State
of Pennsylvania, &c., creditors, as aforesaid. That the reme-
dies in the State of Pennsylvania for the collection of the
indebtedness had been exhausted. And the plaintiff prayed
judgment, that the transfer of the property of the old to the
new corporation, the defendant herein, might be adjudged
fraudulent and void as to the State of Pennsylvania, creditor,
as aforesaid, and the plaintiff as sequestrator, and set aside.

That the defendant might account to the plaintiff for the pro-
perty, etc., and all avails or proceeds; also for an injunction
against the disposition thereof, &c., and like restraint during
the litigation, for a receiver and for general relief.

The grounds of demurrer were :

1. That the plaintiff has not legal capacity to sue. 2. That
the complaint did not state facts sufficient to constitute a
cause of action.

*Daniel T. Walden,* for the appellant. The plaintiff has
not legal capacity to sue. He is but an officer of the court
by which he is appointed, and his power is for the limited
purpose of satisfying its judgment; it does not extend beyond
the limits of his State. (2 Daniels' Ch. Pr. [Am. ed.], 1258;

2 id. [4 Eng. ed.], part 1, 950; 1 Newland Ch. Pr., 385; 1 Barb. Ch. Pr., 70; 1 Hoffman Ch. Pr., 145, &c.; *Beclar* v. *Turnpike Co.*, 14 Penn. [2 Harris], 165, 166.) His power does not extend beyond the State of Pennsylvania. (1 Story on Confl. Laws, §§ 499, 504; *Kraft* v. *Vickey*, 4 Gill & John., 33; 4 Cowen, 529, note; *Monell* v. *Dickey*, 1 John. Ch., 153, 156; *Williams* v. *Storrs*, 6 id., 353; *Rogers* v. *McLean*, 31 Barb., 304, 310; *Guest* v. *Forehand*, 36 Miss., 69; *Doolittle* v. *Lewis*, 7 John. Ch., 153; *Parsons* v. *Lyman*, 20 N. Y., 112; *Dixon, Ex'r*, v. *Ramsey, Ex'r*, 3 Cranch, 324; *Hope Insurance Co.* v. *Taylor*, 2 Robt., 279, 284; *Booth* v. *Clarke*, 17 How. U. S. R., 322; *Lombard Bank* v. *Thorp*, 6 Cow., 41; *Runk* v. *St. John*, 29 Barb., 585; *Hoyt* v. *Thompson*, 5 N. Y., 320; 19 id., 225, 226; *Mosselman* v. *Caen*, 34 Barb., 66; *Middleton* v. *Merchants' Bank*, 24 How. Pr., 267; *Petersen* v. *Chemical Bank*, 32 N. Y., 21, 40, 41.) The question is properly raised by demurrer. (*Robbins* v. *Wells*, 18 Abb., 191.) The complaint does not state facts sufficient to constitute a cause of action. (*Phinney* v. *Phinney*, 17 How., 197, 199; *Throop* v. *Hatch*, 3 Abb., 23; 1 Chitty Pl. [8 Am. ed.], 216; *Walker* v. *Maxwell*, 1 Mass., 103; *Pearsall* v. *Dwight*, 2 id., 34; *Sheldon* v. *Hopkins*, 7 Wend., 435; *Platt* v. *Crawford*, 1 Abb. [N. S.], 304; *Holmes* v. *Broughton*, 10 Wend., 75; *Monroe* v. *Douglass*, N. Y., 447, 451; *Louisville & Charleston R. R. Co.* v. *Selson*, 2 How. [U. S.], 497; *Crowley* v. *Panama R. R. Co.*, 30 Barb., 99; *Merrick* v. *Van Santvoord*, 34 N. Y., 215; *Stevens* v. *Phœnix Ins. Co.*, 41 id., 149, 152, 153; *Fisk* v. *The Chicago R., &c., R. R. Co.*, 53 Barb., 472; *Hoyt* v. *Thompson*, 5 N. Y., 350, 351, and 19 N. Y., 225; *Abraham* v. *Plestoro*, 3 Wend., 538; *Johnson* v. *Hunt*, 23 id., 87, 90, 91; *De Witt* v. *Burnet*, 3 Barb., 89, 96; *Willetts* v. *White*, 25 N. Y., 583, 584, 587; *Smith* v. *Spinola*, 2 John., 198; *Sicard* v. *Whale*, 11 id., 194; 3 Cranch, 323; *Neustadt* v. *Joel*, 2 Duer, 530, 531; *Greenwood* v. *Brodhead*, 8 Barb., 593, 596, 597; *Corning* v. *White*, 2 Paige, 567; *Child* v. *Brace*, 4 id., 309; *Dunlevy* v. *Tallmadge*, 32 N. Y.,

457–459, 460, 461; *Willets* v. *Vandenburgh*, 34 Barb., 424; Story on Confl., § 609; *McElmoyle* v. *Cohen, Adm'r*, 13 Peters, 312, 328, 329; *Cameron* v. *Wentz*, 4 McCord Rep., 278; *Southal* v. *Tompkins*, 2 Eng. Cas. Ab., 381; *Beals* v. *Guernsey*, 8 John., 446, 452; Code, § 220; 1 Laws 1870, p. 422, § 3; *Hunt* v. *Johnson*, 44 N. Y., 27.)

*Theron R. Strong*, for the respondent. That it is clear, upon the statements of the complaint, that the creditors can follow the property and its proceeds: *Booth* v. *Bunce* (33 N. Y., 139); *McCartney* v. *Bostwick* (32 id., 53, 57, 58, 60, 62); *Thomas* v. *The Merchants' Bank* (9 Paige, 216); *Railroad Co.* v. *Wallace* (392, 409). That the plaintiff was, in equity, as owner of the property of the old corporation, entitled to call upon the defendant for it and its proceeds for payment of the judgment, and his title is fully alleged. (*Seymour* v. *Sturges*, 26 N. Y., 134, and cases there cited; 1 Seld., 447; 46 Barb., 272; 2 Abb. Dig., title Foreign Laws.) The plaintiff had legal capacity to sue. (*Runk* v. *St. John*, 29 Barb., 585; *Hoyt* v. *Thompson*, 1 Seld., 320, 341; *Hoyt* v. *Thompson*, 19 Y. Y., 207, 226; *Willetts* v. *Waite*, 25 N. Y., 577; *Petersen* v. *The Chemical Bank*, 32 id., 21, 42–44, 49–52; *Parsons* v. *Lyman*, 20 id., 103; *Hooker* v. *Tuckerman*, 3 Sandf., 311; *Abraham* v. *Plestoro*, 3 Wend., 551; *Bird* v. *Pierrepont*, 1 Johns., 118; *Bird et al.* v. *Carital*, 2 id., 342; Purdon's Dig., 200, § 46; id., 542, § 42; 5 Harris, Penn. St. R., 111; 3 id., 385; 2 Wheaton, 240, 385; 9 Barr, 355; 3 Harris, 385; 9 N. Y. R., 142; 3 id., 631; 40 id., 384; *Beeler* v. *Turnpike Co.*, 14 Penn. St. R.; *Bevan* v. *Turnpike Co.*, 10 Barr, 179, 490, 592; *Turnpike Co.* v. *McAnulty*, 4 W & S., 293; *Turnpike Co.* v. *Peddle*, 4 Barb., 490, 492; *Turnpike Co.* v. *Wallace*, 8 Watts, 318, 319; *Large* v. *Bristol Trans. Co.*, 2 Ashmead, 404; 5 Phila. R., 149; *Wesley Church* v. *Moore*, 10 Barr, 281; Code, § 113.) That the complaint sets forth sufficiently plaintiff's right in the property: 1 Abb. Pr. and Pl., 334, 335, and notes; *Foot* v. *Stevens* (17 Wend., 483); *Hatcher* v. *Rochleau* (18 N. Y., 95);

*Kundolf* v. *Thalbeiner* (17 Barb., 506); *The People ex rel. Crane* v. *Ryder* (12 N. Y., 433; Code, § 160); *Sere* v. *Coit* (5 Abb. Pr., 482); *Platt* v. *Stout* (14 id., 178, 183); *Prindle* v. *Caruthers* (15 N. Y., 425); *Walter* v. *Lockwood* (23 Barb., 233). He also cited upon the question of the plaintiff's power and title under the appointment alleged: 1 Barb. Ch. Pr., 70; 2 Daniels' Ch. Pr., 4th ed., part 1, 950, 951; 1 New. Ch., 689; 17 How. U. S., 338; 34 Barb., 66; 5 N. Y., 350; 19 id., 207, 224–226; 3 Barb., 89, 90; 6 Hill, 526; 7 Johns. Ch., 45; 32 N. Y., 21; Abb. Dig. L. of Corp., 290, 296; 42 N. Y., 26; *Barclay* v. *Quicksilver Mining Co.* (9 Abb. Pr. [N. S.], 283); *Cutler* v. *Wright* (22 N. Y., 474, 475); *Bradley* v. *Mutual Benefit Life Ins. Co.* (3 Lans., 345).

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The first ground of demurrer, namely, that the plaintiff has no legal capacity to sue, cannot be sustained, unless it appears on the face of the complaint that he has not such capacity. If the complaint merely fails to show the facts which confer the capacity to sue, the objection must be taken by answer. (*Phenix Bk.* v. *Donnell*, 40 N. Y. R., 412.)

In determining this question, we must assume that the plaintiff is vested with the title to the property which is the subject of the action, for the complaint contains an averment to that effect, and the demurrer admits the truth thereof. This admission, however, must be qualified by other facts appearing in the complaint, namely, that the plaintiff's title is that of a sequestrator only, which is substantially that of an assignee of the Pennsylvania corporation, and that he is seeking to avoid a transfer made by his assignor, on the ground that it was fraudulent as to the creditors of such assignor. He stands in the shoes of the Pennsylvania corporation, and represents its creditors. As such assignee, can he maintain such a suit? The question is merely technical. There can be no doubt that the creditors, whom the plaintiff represents, might have

brought the suit, and it is not very material to the merits whether it is brought in their names or that of the plaintiff. The rule of law on this subject is that, if allowed by the *lex fori*, the assignee may sue in his own name, although forbidden by the foreign law. (Story Confl. of Laws, § 357.) It does not appear from the complaint whether the laws of Pennsylvania authorize such a suit, although such is the fact. It is enough, however, that the laws of this State do authorize it. (Laws 1858, chap. 314, p. 506.)

It is urged, however, that being a foreign sequestrator he cannot sue, although he is vested with the title to the property. The general rule certainly is, that a plaintiff, who is a foreigner, is not thereby incapacitated from bringing a suit against a defendant who is a citizen. But it is claimed that all the rights and powers of the plaintiff being derived from the statutes of Pennsylvania, they cannot be exercised in this State, because the laws of a State have no extra territorial force, and he is not within that principle of comity which entitles him to recognition as a suitor in our courts. The learned counsel for the defendant has referred us to numerous authorities in support of this position. They are cases relating to foreign executors, administrators, guardians, receivers in ordinary creditors' suits and the like. All of them proceed upon the principle that the rights and powers with which such persons have been invested in the foreign State cease when they pass beyond the limits thereof. They do not touch the question involved in the assertion of rights pertaining to actual ownership acquired under foreign laws. It cannot be questioned that devisees or legatees may sue here to recover property devised or bequeathed to them by a person domiciled in a foreign State, if such devises and bequests are valid according to the law of this State. So the assignee of a foreign executor may sue here. Foreign assignees in bankruptcy have the same right, subject to rights acquired by our citizens, under conflicting dispositions made by the bankrupt. And, in the case of receivers or trustees of foreign corporations, we think the rule is pretty well settled that they

may sue to recover property situated in this State, subject, however, to the qualification that the foreign law will not bo recognized to the extent of divesting the titles of our own citizens *fairly acquired*. The case before us is one between the plaintiff, representing the State of Pennsylvania as a creditor of the corporation created by the laws of that State, and that corporation itself, and the defendant, to whom the Pennsylvania corporation has transferred its property by voluntary gift, without any consideration, and for the purpose of defrauding the State of Pennsylvania. There does not appear to be any other purchaser or creditor, or any citizen of this State, besides the defendant, who has any interest in the question. We cannot withhold the application of the rule of comity in such a case. This State has not yet become a sanctuary for the protection of property in the hands of a transferee, who has acquired it by a fraudulent contrivance like that alleged in the complaint, although the act of transfer was made in a foreign State, and the property is pursued by a person in whom the title in such property is vested under the laws thereof. (See on this subject *Runk* v. *St. John*, 29 Barb., 585; *Hoyt* v. *Thompson*, 1 Seld., 320; *S. C.*, 19 N. Y. R., 207; *Willitts* v. *Waite*, 25 id., 577; *Petersen* v. *The Chemical Bank*, 32 id., 21.)

Our opinion, therefore, is that the complaint does not show any lack of capacity to sue. We also think the second ground of demurrer, namely, that the complaint does not state facts sufficient to constitute a cause of action, is untenable. The general averment that the plaintiff is owner is sufficient, without setting forth the particular statutes whereby he became owner. If the defendant desired more information respecting the laws of Pennsylvania which conferred the ownership, his remedy was by motion to make the complaint more definite and certain. (*People* v. *Ryder*, 12 N. Y., 433; *Same* v. *The Mayor*, 28 Barb., 240.) The substance of the averment is that, by the laws of Pennsylvania, he is the owner, &c. Foreign laws are facts to be proved, like any other facts (*Seymour* v. *Sturgess*, 26 N. Y., 134), and it is suffi-

cient to make an averment corresponding to the legal effect of them, without setting them forth at length.

If the property was fraudulently transferred, as alleged in the complaint, the plaintiff, as assignee of the transferrer, has a right to recover it, by virtue of the statute of 1858, before cited, provided he has capacity to sue at all. The rules of courts of equity relative to suits of creditors, referred to by the learned counsel for the defendant, have not, therefore, any application to the case.

The judgment must be affirmed with costs, with leave to the defendant to answer on payment of costs.