## THE MERCHANTS' LOAN AND TRUST COMPANY, APPELLANT, *v.* HENRY CLAIR, RESPONDENT.

*Practice — an action must be brought by the real party in interest — Code of Civil Procedure, sec. 449 — in enforcing claims in this State a foreign creditor must follow the* lex fori.

This action was brought by the plaintiff upon a promissory note made by the defendant to the order of and indorsed by one Terhune. The plaintiff was incorporated by a special act of the legislature of New Jersey. In 1877, on the petition of a stockholder and creditor, a receiver of its property was appointed, under a statute of that State which declares that when any corporation shall be dissolved the chancellor may appoint a receiver to take charge of the estate and effects of the corporation, and collect its debts and property due and belonging to it, with power to prosecute and defend, in the name of the corporation or otherwise, all such suits as may be necessary and proper for that purpose.

*Held,* that the complaint was properly dismissed upon the ground that the action was not prosecuted by the receiver, the real party in interest, as required by section 449 of the Code of Civil Procedure.

That the New Jersey statute, authorizing the receiver to bring an action in the name of the corporation, had no extra-territorial force.

APPEAL from a judgment, entered upon the dismissal of the complaint at circuit.

*John A. Mapes,* for the appellant.

*Delos McCurdy,* for the respondent.

Brady, J.:

It appears from the record that the plaintiff was duly incorporated as a banking institution by a special act of the legislature of the State of New Jersey; but in July, 1877, on the petition of a stockholder and creditor an order was granted appointing Joseph C. Todd receiver of the property of the company, and on the twenty-sixth of October following, a further order was made appointing Edward T. Bell such receiver in place of the former appointee. This action was brought, as will have been seen, in the name of the corporation upon a note of the defendant payable to the order of and indorsed by one P. H. Terhune. The complaint was verified by the receiver. The answer set up, among other things, that the plaintiff was not the lawful owner and holder of the note and had no right to sue; and further, that there was not at the time of the commencement of this action any such corporation as the Merchants' Loan and Trust Company named as plaintiff herein. Upon the trial the act of incorporation, the note and the order appointing the receiver, were introduced in evidence, and the complaint was dismissed upon the motion of the defendant's counsel, the grounds upon which the motion rested not appearing, however, in the case. It is insisted that the plaintiff is not the party in interest, and that the action cannot be maintained under the provisions of the Code of Civil Procedure contained in section 449, which declare that every action must be prosecuted in the name of the real party in interest, with certain exceptions, which do not include the plaintiff.

The statute of New Jersey under which the receiver already mentioned was appointed will be found in the revision of 1877, at page 187. And it is declared that when any corporation shall be dissolved in any manner whatever, the chancellor may appoint a receiver to take charge of the estate and effects of the corporation, and collect its debts and property due and belonging to it, with power to prosecute and defend, in the name of the corporation or otherwise, all such suits as may be necessary and proper for that purpose. The right to appoint the receiver, therefore, rests upon the dissolution of the company, and its dissolution, of course, dis-

poses of it as a corporation, and the receiver succeeds to the title to all its property which is held for the benefit of its creditors. His right to sue in the courts of this State is settled, not only under the provisions of the Code referred to, but according to adjudications made in the State. (*Barclay* v. *Quicksilver Mining Co.*, 6 Lans., 25; *Peterson* v. *Chemical Bank*, 32 N. Y., 43.) The object of the provision of the Code under consideration seems to have been to give full effect to transfers, so that the transferee or assignee can maintain an action in his own name, being the party in interest; and when the transfer is made the party becomes possessed of the legal title and may maintain the action. (*Cummings* v. *Morris*, 25 N. Y., 627; *Hastings* v. *McKinley*, 1 E. D. Smith, 273; *Hays* v. *Hathorn*, 74 N. Y., 486.)

The statute of New Jersey authorizing the receiver to bring an action in his own name or otherwise has no extra territorial force. The *lex fori* governs as to the manner of commencing actions, and a claim presented by a foreign creditor to our courts for consideration must be prosecuted in the name of the real party in interest, for the reason that our statute so declares, its language being "every action must be prosecuted in the name of the party in interest."

For these reasons, it is thought, whatever rule may prevail on the subject in the State of New Jersey, the case was properly disposed of in the court below, and the judgment should be affirmed, with costs.

Daniels, J., concurred.

Present — Brady and Daniels, JJ.

Judgment affirmed, with costs.