Tappan, J.
[After stating the facts as above.]—It was said in Hogle v. Mott, MS., upon the authority of Holmes v. Broughton (10 Wend. 75), that the proceedings set up in the answer are unknown to the common law; and the defendant in his plea is bound, if the proceedings were authorized by the statute law of Vermont, to set forth the statute so that the court may see that the proceedings have been conformable thereto.
The case last cited stated the rule as regards pleading the statutes of other States, under the system of pleading which existed before the enactment of the Code of Procedure and the Code of Civil Procedure.
*367 This answer contains an averment corresponding to the legal effect of the laws of Vermont, without setting them forth at length. I think this is all that is required under the present Code of Civil Procedure. See Code Civ. Pro. § 530 ; Halstead v. Black, 17 Abb. Pr. 227; Barclay v. Quicksilver Mining Co., 6 Lans. 25.
As is said in the case last cited, if the plaintiff desired more information respecting the laws of Vermont, which authorized the proceeding set up in the defense, his remedy was by motion to make the complaint more definite and certain. Code Civ. Pro. § 546 ; Bliss’ Code, and cases cited in notes to this section.
We next come to consider the effect of the proceeding set up in the defense, upon the assumption that it was taken in conformity to the statute of Vermont.
The allegations of the defense are not sufficient to show that there was ever personal service of the trustee writ upon the defendant, William Robarge, within the State of Vermont, and the proceeding is not in personam but in rem, against the wages duo from the defendant herein.
Such a proceeding is not conclusive upon the defendant anywhere, as to his being indebted to the parties who prosecuted the proceeding.* But if taken according to the laws of the State of Vermont, the proceeding is sufficient to protect the defendant, the Central Vermont Railroad Company, against a repayment of what it was lawfully compelled to pay, either in the State of Vermont or in any other State.
The proceeding by trustee process in Vermont, to compel payment of a claim against a defendant, from a party indebted to the latter, is similar in its operation upon debts due to the defendant, to the attachment laws of other States.
The defendant was a corporation created by .the laws of the State of Vermont, and having its principal place of business there, and the situs of a debt due from it was in that *368 State. The defendant, the Central Vermont Railroad Company, and such debt, were subject to the jurisdiction of that State. It has been compelled to pay the amount set forth in this defense, and cannot justly bo compelled to pay it again (Embree v. Hanna, 5 Johns. 101; Williams v. Ingersoll, 89 N. Y. 508; cases cited in points of Sam’l Hand, 89 N. Y. 514, opin. 523, 524). Full faith and credit must be given in this State to such judicial proceedings in the State of Vermont (U. S. Const. art. 4, and case last above cited).

 See 2 Wade on Att. §§ 326, 362, 525.