## 450 READING v. HAGGIN.

FANNIE W. READING, Respondent, v. JAMES B. HAGGIN, Appellant.

*Action for an account of the management and sales of land in another State— when it is not necessary to allege that the defendant has money belonging to the plaintiff— jurisdiction of the courts of the State of New York.*

An action was brought to compel the rendering of an account by the defendant concerning the management and disposition of certain lands situate in the State of California, as to which a contract had existed between the plaintiff and defendant, by which certain of the lands were to be conveyed by the plaintiff to the defendant, and other lands were to be acquired by the defendant under the purchase and foreclosure of a mortgage thereon, all of which property the defendant was to sell, at such time as he deemed advisable, and after repaying to himself the amount expended by him was to pay to the plaintiff one-third of any excess over and above the same, and to himself retain the other two-thirds.

The plaintiff alleged that the land was conveyed by her pursuant to the contract with the defendant, and that other property was purchased under a mortgage foreclosure as contemplated by the contract, and that defendant thereafter had sold said lands, or part thereof, and out of the proceeds of said sale had retained all money expended by him in the purchase, and all disbursements made in connection with such lands, but had failed to account for and pay over to the plaintiff one-third of the excess of the moneys received, and demanded judgment for an account of the dealings and transactions of the defendant under his contract, and of the moneys received and expenditures made by him, and that he pay to her such sum as might be found to be due to her.

To this complaint the defendant interposed a demurrer on the ground that it did not state facts sufficient to constitute a cause of action.

*Held*, that while the complaint did not allege, unless by way of inference, that the defendant had money arising from the execution of the trust created by the agreement, which should be paid over by him to the plaintiff, that, nevertheless, the plaintiff was entitled to a full and clear exposition and statement of what had been done by the defendant in the management and disposition of the estate.

That it was not indispensable that the plaintiff should allege that the defendant had funds in his hands, obtained from the property, which he should pay to her.

It was further objected that the complaint stated no cause of action, within the jurisdiction of a court of the State of New York, for the reason that the lands were situate in the State of California, and their management was confined to that State.

*Held*, that as to the question relating to the conduct of the defendant in the management and disposition of the lands, and the uses made by him of their proceeds, that the courts of the State of New York had jurisdiction over the subject-matter of the action.

Appeal by the defendant James B. Haggin from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 25th day of February, 1890, in favor of the plaintiff, overruling the defendant's demurrer to the plaintiff's complaint.

*Charles B. Alexander,* for the appellant.

*Charles M. Da Costa,* for the respondent.

Daniels, J.:

The plaintiff commenced this action for an accounting by the defendant concerning the management and disposition of lands situated in the State of California. It is stated in the complaint that in July, 1871, she entered into a contract with him for a valuable consideration, to make and deliver to him a good and sufficient deed of all her right, title and interest in and to a tract of land known as the Reading Ranch, or so much thereof as would constitute 20,000 acres, and for which he,

"Agreed among other things to purchase a certain mortgage on said estate known as the Hensley mortgage, and so much of the indebtedness against said estate of Pearson B. Reading, as he may deem proper, and to cause said property of said estate to be sold to satisfy said indebtedness, and defendant further agrees that if at such sale of said estate he shall purchase said estate, he shall hold the said property so purchased together with the property so agreed, as aforesaid, to be conveyed to him until such time as he deems advisable, when he may sell and dispose of the entire tract of land so purchased by him and so conveyed to him by the plaintiff, until such time as he deems advisable, and out of the proceeds of said sale shall retain all moneys by him expended in the purchase of the said land and of said claims in and about the said land for taxes or expenses thereon or in connection therewith, together with the interest thereon from the date of payment at the rate of one per cent per month, and shall pay to plaintiff the one-third of any excess over and above any such advancements, outlays and expenditures with the interest as aforesaid, defendant retaining the other two-thirds."

The complaint further states that she, thereupon, and about the same time conveyed the land to him. And about two months thereafter executed and delivered another deed of the same property to him,

to more fully carry out the terms of the agreement first entered into. It is then alleged that the

"Plaintiff is informed and believes that defendant, in accordance with the terms of said agreement hereinbefore in paragraph first of this complaint mentioned, did purchase the mortgage on said Reading Ranch, known as the Hensley mortgage and other indebtednesses, against the estate of Pearson B. Reading, deceased, and did cause the said property, known as the Reading Branch, to be sold to satisfy said mortgage and other indebtednesses, and did cause the said property so sold to be conveyed to himself, and thereafter did sell and dispose of said lands or part thereof, and out of the proceeds of said sale did retain all moneys by him expended in the purchase of said land and of said claims and in about the land for taxes or expenses thereon or in connection therewith, together with interest from the date of payment at the rate of one per cent per month.

But defendant has failed to account for and pay over to plaintiff one-third of the excess of the moneys or any of the moneys received by him on said sale of said property over his advancements, outlays and expenditures, and has neglected and refused to pay and account for the same, although he has been continuously requested and urged to do so ; and defendant is and remains accountable to plaintiff for said one-third of the excess of the moneys received by him on said sale of said property over his advancements, outlays and expenditures."

And in addition thereto, that on or about the 15th of June, 1888, he delivered to her a statement of receipts and disbursements, but so general, vague and indefinite that it failed to give her accurate and definite information concerning the execution of the trust which he had undertaken, as that was set forth in the agreement made between them. And judgment is then demanded for an account of the dealings and transactions of the defendant under this contract, and of the moneys received, and expenditures made by him, and that he be adjudged to pay her such sum as might be found to be due and owing to her.

The ground of objection stated in the demurrer is, that the complaint failed to state facts sufficient to present a cause of action. But while it is true that it is not alleged, unless by way of inference, that the defendant has money, proceeding from the execution of the

trust created by the agreement, which should be paid over by him to her, still, what was done under the agreement to carry it into effect and by himself since that time in the management and disposition of the estate, entitled her to a full and clear exposition of its affairs. The business had been in progress for upwards of eighteen years, and it was due to the plaintiff that she should be accurately informed of what had transpired, and of the present condition of the part of the estate remaining unsold. And that she could only obtain voluntarily or involuntarily from the defendant. It was not indispensable that she should allege that the defendant had funds in his hands obtained from the property which should be paid to her. That she could not do in the absence of information from him exhibiting the condition of the estate. And she became entitled to that information for the purpose of ascertaining whether he withheld from her moneys obtained from the property which he ought to pay over. That was the scope and design of the action, and it seems to be within the limits of the authorities. Upon this subject it has been said that wherever the account stands upon equitable claims, or has equitable trusts attached to it, the jurisdiction is absolutely universal. And that cases of accounts between trustees and *cestuis que trust* may properly be deemed confidential agencies, and are peculiarly within the appropriate jurisdiction of courts of equity. (1 Story's Eq. Jur. [5th ed.], §§ 454, 465.) The beneficiary is entitled to an account of the acts and management of the trustee, or *quasi* trustee, and if it cannot be voluntarily obtained, then to the aid of a court of equity to secure it. And that is the ground upon which the case of *Marvin* v. *Brooks* (94 N. Y., 71, 80, 81) appears to have been decided. And that the trust or fiduciary obligations there related to money to be invested in property, and here in property to be managed and disposed of for the joint benefit of the parties, will not interfere with this application of that decision. If the jurisdiction extended to the former, it necessarily must include the latter. The case of *Uhlman* v. *New York Life Insurance Company* (109 N. Y., 421) in no way infringes on this statement of the jurisdiction, for the plaintiff failed there because the element of a trust was held not to enter into it.

The cases so numerously cited by the defendant's counsel were brought on entire contracts before the period for their complete per-

formance had expired, and have no application to this action. They were actions at law depending upon the fact of full performance for their success and do not now need to be specially examined. While here the action is supported by the plaintiff's right to an account, of which she has been deprived by the defendant.

In support of the demurrer it has been further objected that the complaint states no cause of action within the jurisdiction of this court, for the lands are situated in the State of California, and their management was confined to that State. But the action does not so much relate to the lands as to the conduct of the defendant in their management and disposition and the uses made by him of their proceeds. And over that, as the defendant has been found within this State, this court has jurisdiction. This general subject was at an early day considered in the case of *Massie* v. *Watts* (6 Cranch, 148), where, after an examination of the authorities, it was concluded that, " upon the authority of these cases, and of others which are to be found in the books, as well as upon general principles, this court is of opinion that, in a case of fraud, of trust or of contract, the jurisdiction of a Court of Chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree." (Id., 160.) And that very aptly includes this case, and it has since been followed without dissent. ( *Watkins* v. *Holman*, 16 Peters, 25, 57 ; *Sutphen* v. *Fowler*, 9 Paige, 280, 282 ; *Newton* v. *Bronson*, 3 Kern., 587 ; *Gardner* v. *Ogden*, 22 N. Y., 327.)

It is not necessary to consider whether this objection is within the comprehension of the demurrer. For it is sufficient that it has no legal foundation to support it. Upon neither of these objections, nor any incidents of them entering into the subdivisions of the argument, was the defendant entitled to succeed. But the judgment should be affirmed, with costs, with leave to the defendant to answer in twenty days, on payment of the costs of the demurrer, and the costs and disbursements of the appeal.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs, with leave to the defendant to answer in twenty days on payment of the costs of the demurrer and the costs and disbursements of the appeal.