(34 Misc. Rep. 75.)

### HAMILTON v. FABER et al.

(Supreme Court, Special Term, New York County. February, 1901.)

DISCHARGE OF TRUSTEE—TEMPORARY INJUNCTION—CONTINUANCE PENDENTE LITE.

Testator devised property to defendants in trust for the benefit of plaintiff. Testator owned shares of stock in a certain company, which had consolidated with other similar companies, in which defendants were interested, and plaintiff alleged that by the consolidation the testator's estate did not receive its fair proportion of cash and stock in the consolidated company. *Held*, that it was proper to continue a temporary injunction pendente lite, restraining a discharge of one of the trustees, in order to avoid the necessity of again investigating the consolidation transactions on settling the accounts of each trustee.

Action by Eleanor Margarette Hamilton, by George B. Morris, her guardian ad litem, against J. Eberhard Faber, James G. Hamilton, and others, as trustees of a trust created in favor of plaintiff by the will of Charles Kennedy Hamilton, deceased. Motion to continue a temporary injunction restraining further proceedings for the discharge of Trustee Hamilton pendente lite. Motion granted.

See 68 N. Y. Supp. 144.

George B. Morris (Thomas Allison and T. Astley Atkins, of counsel), for plaintiff.

Zabriskie, Burrill & Murray (George Zabriskie, of counsel), for defendants.

BLANCHARD, J. This is an application to continue pendente lite a temporary injunction restraining further proceedings in a certain special proceeding pending in this court for the discharge of the defendant Cutting as trustee under the will of Charles Kennedy Hamilton, and to restrain further proceedings in a certain special proceeding pending in the surrogate's court of the county of New York for the discharge of the defendant Hamilton as trustee under the same will. This action is brought by the guardian ad litem of an infant daughter of Charles Kennedy Hamilton against the trustees of a certain trust created for the benefit of such daughter by the will of said Hamilton, for an accounting of said trustees, Cutting and Hamilton, and their co-trustee, Faber, and for a stay of the proceedings before recited pending the determination of the action, and for the removal of said trustee Faber from such office and disqualifying his brother, who was named as a substitute in the will. It is claimed that the testator, Hamilton, was interested in the stocks of certain companies consolidated into the American Beet-

Sugar Company, in which companies so consolidated the defendant trustees were individually interested, and that by such consolidation the estate of decedent, Hamilton, did not receive its fair and proper proportion of cash and stock in the American Beet-Sugar Company. It is claimed that an investigation into the facts and circumstances of the transfer of the various companies to the consolidated company, the American Beet-Sugar Company, will be necessary, and it would seem that such claim is well founded. To avoid the necessity of going through the facts of this transfer and consolidation upon the accounting of each trustee in a separate proceeding, and the repetition of the evidence, which must necessarily be rather lengthy, and for the purpose of avoiding the depletion of the trust fund, which such proceedings would undoubtedly entail, an injunction restraining these proceedings is now sought. The complaint herein has been sustained upon demurrer, and the right of a cestui que trust to maintain an action for an accounting is beyond question, even though it does not appear that as a result thereof anything will be found due. Frethey v. Durant, 24 App. Div. 58, 61, 48 N. Y. Supp. 839; Marvin v. Brooks, 94 N. Y. 71, 80; Reading v. Haggin, 58 Hun, 450, 453, 12 N. Y. Supp. 368. It does not, therefore, become necessary to consider in detail the facts concerning the transaction in question to ascertain whether or not the trustees acted properly. The power and right of a court to interfere, in a proper case, to restrain judicial proceedings, has frequently been recognized. Railroad Co. v. Ramsey, 45 N. Y. 637; Schuehle v. Reiman, 86 N. Y. 270, 273; Dinsmore v. Neresheimer, 32 Hun, 204, 206, 207. I think it proper in this case that the injunction should issue. The motion is granted, with $10 costs to plaintiff to abide the event.

Motion granted, with $10 costs to plaintiff to abide event.