AUGUSTA AMELIA GLEITSMANN, Respondent, *v.* JOSEPH WILHELM GLEITSMANN, Appellant, Impleaded with Others.

*Marriage settlement — made in Germany in contemplation of the parties living in Maryland — it may be enforced in New York — allegation as to the law of Maryland — demand that the trustees sue.*

The complaint in an action alleged that the plaintiff and the defendant Joseph Wilhelm Gleitsmann were married in the German Empire; that before their marriage they executed a marriage indenture; that after the marriage the parties immediately went to the city of Baltimore, Md., as was contemplated when the indenture was executed, where they took up their permanent abode, but that at the time of the commencement of the suit they were residents of the city of New York.

It further alleged that the defendant Gleitsmann took possession of the indenture and refused to permit the trustees to execute the same; that he received a portion of the trust property and applied part of the income thereof to the purposes expressed in the agreement, and retained the remainder of the income for his own use and benefit, contrary to the terms of the indenture and never accounted for the same; that the plaintiff had also received a part of the trust property and applied the income of the same to the purposes expressed in the indenture, and that she had never accounted for the same but desired to do so; that one of the trustees named in the indenture was dead; that another of the trustees refused to execute the indenture or accept the trust, and that a third trustee, who was a resident of England, accepted the trust but desired the appointment of a trustee residing in the United States to act with him.

It also alleged that the indenture was made in contemplation of the law of Maryland, and that by the laws of that State the parties to said indenture who received or had in their possession or control the trust property became trustees *ad interim* for the purposes expressed in said indenture until the qualification of the trustees named in said indenture or the appointment of others in their place.

The relief demanded was that a trustee be appointed and that an accounting be had between the parties holding the trust property and the trustee so appointed.

*Held,* that the complaint was not demurrable as to the defendant Gleitsmann;

That the allegation that he was a trustee *ad interim* by the laws of Maryland was a sufficient allegation to enable the plaintiff to give proof of the law of that State as a fact;

That the court had jurisdiction to grant the plaintiff the relief asked for, or such other relief as would be proper under the facts which might be developed upon the trial;

That the complaint alleged a sufficient excuse for not making a demand for the execution of the trust upon the trustees named in the indenture.

APPEAL by the defendant, Joseph Wilhelm Gleitsmann, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of January, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling said defendant's demurrer to the complaint.

*John A. Straley,* for the appellant.

*Julien T. Davies,* for the respondent.

Judgment affirmed, with costs, on opinion of LAWRENCE, J.

VAN BRUNT, P. J., RUMSEY, O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

The following is the opinion of LAWRENCE, J., delivered at Special Term :

LAWRENCE, J. :

The complaint in this suit prays for the appointment of a trustee of the trust created by a certain indenture of marriage settlement attached to and forming part of said complaint, and, incidental to such appointment, that an accounting be had between the parties who now hold the trust property and the trustees so appointed. It is alleged that on or about the 21st day of October, 1871, at Wiesbaden, in the State of Hesse-Nassau, German Empire, the plaintiff and defendant Joseph Wilhelm Gleitsmann agreed to be married to each other, and to take up their residence as husband and wife in Baltimore, Md., and to execute a certain marriage settlement ; that said indenture was duly signed and sealed by the plaintiff and the said defendant Joseph Wilhelm Gleitsmann ; and it further appears by the attestation clauses thereof that the said indenture was signed, sealed and delivered by both the plaintiff and the defendant Joseph Wilhelm Gleitsmann, in the presence of the respective subscribing witnesses ; that thereafter, on the same day, the marriage took place, and the said parties immediately went to the city of Baltimore, Md., where they took up their permanent abode and resided for many years ; but at the commencement of this suit they were residents of the State of New York. It is further alleged that the said indenture was taken possession of by the defendant Joseph

Wilhelm Gleitsmann, who promised to secure the execution thereof by the trustees, but that he failed and neglected to procure such execution and wrongfully secreted the said indenture from such trustees and retained exclusive possession and control thereof for many years thereafter; that, although frequently requested by the plaintiff, he refused to permit the trustees to execute the indenture or to enter upon their duties thereunder, although the trustees stood ready and willing at all times to execute the indenture and accept the trust, which was well known to him; that after the execution of said indenture by the said defendant he received a portion of the property provided by the said indenture to be held in trust, and applied a portion of the income thereof to the purposes expressed therein, and retained for his own use and benefit and contrary to the terms of the indenture a certain other portion of the income, for which he has never accounted; that the plaintiff likewise, after the execution of said indenture, received certain of the property provided to be held in trust, and that the income thereof was applied by the plaintiff for the purposes expressed in the indenture, for which income plaintiff has never accounted and for which she desires to account. It is further alleged that William John Player, one of the trustees named in the said indenture, is dead; that the defendant Fewster Player, who lives in England, another of the trustees named, has refused to execute the indenture or accept the trust, and since the commencement of this action and on the 7th day of August, 1900, in the city of Swansea, Eng., the defendant John Player, the third of the trustees named in the indenture, accepted the trust and duly signed, sealed and delivered the indenture; that the said defendant trustee desires the appointment of a trustee or trustees residing in the United States, to act with him in the execution of this trust. It is further alleged that the said indenture of marriage settlement was made in contemplation of the law of Maryland, and that by the laws of that State the parties to said indenture, who received or had in their possession or control the property therein provided to be held in trust, became trustees *ad interim* for the purposes expressed in said indenture until the qualification of said trustees named in said indenture or the appointment of others in their place. It further appears from the complaint that the defendant Elise Dorothea Gleitsmann is the only issue of

the said marriage, and has under said indenture a vested interest in the principal of said trust fund. It is also alleged that by a judgment of divorce, duly rendered on or about the 31st day of July, 1888, by this court, an absolute divorce was granted to the plaintiff from the defendant Joseph Wilhelm Gleitsmann. The defendant Joseph Wilhelm Gleitsmann has demurred to the complaint on the ground that it appears, upon the face thereof, that the same does not state facts sufficient to constitute a cause of action. 2. That it appears upon the face thereof that the court has no jurisdiction of the action. I am of the opinion that the allegation in the complaint, that the defendant Joseph Wilhelm Gleitsmann is a trustee *ad interim* by the laws of Maryland, is a sufficient allegation to enable the plaintiff to give proof of the law of that State as a fact. It is alleged that the plaintiff and defendant agreed to be married and to take up their residence in the city of Baltimore, and also that they after the marriage went to that city and took up their abode there, residing there for many years. That city, therefore, became the domicile of the parties, and the allegation as to the law of the State of Maryland must be taken in connection with it. In *Berney* v. *Drexel* (33 Hun, 34) the complaint alleged that one Berney died, domiciled and residing in France, leaving the plaintiff, Louise Berney, his widow, and the other plaintiffs, his nephews and nieces; that he left a last will and testament; that under and by virtue of the laws of France, where the testator had his domicile, the title to all the personal property of which said testator was possessed at the time of his decease vested immediately thereafter in the plaintiffs other than the widow, the residuary legatees named in said will, their title being subject, however, to the payment of the particular legacies by said will bequeathed and of the annuities therein given. It was held that this was a sufficient allegation of ownership to entitle the plaintiffs to maintain an action to recover for the conversion of a portion of the personal property of which the testator was seized at the time of his death. In that case the court said: "In this case the averment is of title under and by virtue of the laws of France. This, it is alleged, is an allegation of a legal proposition or conclusion, and not of a fact. We are of opinion, however, that it is an allegation of fact, under which, at the trial of the issue, the plaintiffs would be at liberty to prove

the laws of France for the purpose of establishing the fact that the title to the personal property vested immediately upon the decease of the testator in them; and on that fact being so proved the legal result would be that such title would draw to it the right of possession and show full authority to maintain the action." It is proper to plead facts according to their legal effect, and, where the fact to be stated is the result of other facts, the resultant facts, not those furnishing evidence thereof, should be stated. (*Rochester R. Co.* v. *Robinson*, 133 N. Y. 242. See, also, *Barclay* v. *Quicksilver Mining Co.*, 6 Lans. 32, and cases cited; *Robarge* v. *Central Vermont R. R. Co.*, 18 Abb. N. C. 363.) These cases are much later than the Special Term decision by Mr. Justice Roosevelt in *Phinney* v. *Phinney* (17 How. Pr. 197), and assuming that the defendant's counsel is correct in his construction of the opinion delivered in that case, it must be considered as overruled by them. If the defendant desires a fuller statement of the facts as to the law of Maryland his remedy is not by demurrer but by a motion to make the complaint more definite and certain. It being sufficiently alleged as a fact that Gleitsmann became under the law of Maryland a trustee *ad interim*, I think that this court has jurisdiction to grant the plaintiff the relief prayed for, or the proper relief upon the facts which may be developed upon the trial. (*Reading* v. *Haggin*, 58 Hun, 450.) The decision in that case is an answer to the objection urged by the defendant that it does not appear that he has or ever had funds in his hands which formed a part of the trust property. Furthermore, it is alleged in the complaint that the defendant has received a portion of the property provided by said indenture to be held in trust for the purpose therein expressed. This, taken in connection with the other allegations in the complaint, is sufficient on demurrer to justify the court in inferring that the defendant has received the sum mentioned in the indenture, because it refers only to such property as by its terms are to be the subject of the trust. The remedy of the defendant as to this allegation would also be by motion to make the complaint more definite and certain if it is too vague or indefinite. Nor do I think that this is a case in which the plaintiff is called upon to allege a demand upon the defendant Joseph Wilhelm Gleitsmann, and to show a refusal by him to comply with the terms of the indenture before bringing this action. The

allegation in the complaint that the defendant, under the law of Maryland, became a trustee *ad interim*, coupled with the allegation that he wrongfully secreted the indenture from the trustees and retained exclusive possession and control thereof for many years thereafter, and that he refused to permit the trustees to execute the indenture or to enter upon their duties thereunder, although the parties stood ready and willing at all times to execute it and accept the trusts, states enough to show that such a demand would have been of no avail to the plaintiff. A sufficient excuse is also alleged for not making a demand on the trustees named in the deed. It appears from the complaint that William Player, one of the trustees named, is dead; and that Fewster Player, another, who lives in England, has refused to accept the trust; and that John Player, the third trustee named, who also lives in England, has, since the commencement of this action, accepted the trust and duly signed and delivered the indenture, and that he desires the appointment of a trustee residing in this country to act with him in the execution of the trust. There was at the time of the commencement of the action, so far as appears upon the face of the complaint, no trustee upon whom a demand could be made, and the defendant Joseph Wilhelm Gleitsmann, who has wrongfully neglected to perform that trust, cannot claim that a demand should have been made upon him to execute the same. Such a demand, it is obvious from the allegations of the complaint, would have been of no avail. The demurrer is not upon the ground that there is a defect of parties plaintiff, and that objection cannot, therefore, be taken by the defendant. As both the parties are now residents of this State, this court has jurisdiction of the action. (See *Wertheim* v. *Clergue*, 53 App. Div. 122 ; *Reading* v. *Haggin*, 58 Hun, 450.) In the last-mentioned case an action was brought to compel the rendering of an account by the defendant concerning the management and disposal of certain lands situate in the State of California, as to which a contract had existed between the plaintiff and defendant, by which certain of the lands were to be conveyed by the plaintiff to the defendant, and other lands were to be acquired by the defendant under the purchase and foreclosure of a mortgage thereon, all of which property the defendant was to sell at such times as he deemed advisable, and after repaying to himself the

amount expended by him was to pay to the plaintiff one-third of any excess over and above the same, and to himself retain the other two-thirds. It was alleged by the plaintiff that the land was conveyed by her pursuant to the contract with the defendant, and that other property was purchased under a mortgage foreclosure as contemplated by the contract, and that the defendant thereafter had sold said lands or part thereof, and out of the proceeds of said sale had retained all moneys expended by him in the purchase and all disbursements made in connection with such lands, and had failed to account for and pay over to the plaintiff one-third of the excess of the moneys received, and judgment was demanded for an account of the dealings and transactions of the defendant under his contract, and of the moneys received and expenditures made by him, and that he pay to her such sum as might be found to be due to her. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action; and it was further objected that, as the lands were situate in the State of California, and their management was confined to that State, this court had no jurisdiction. It was held that as to the question relating to the conduct of the defendant in the management and disposition of the lands and the uses made by him of their proceeds, the courts of the State of New York had jurisdiction over the subject of the action; and the demurrers were, therefore, overruled. This case seems to me to be conclusive upon the question of jurisdiction. For these reasons there must be judgment for the plaintiff overruling the demurrer, with costs, with leave to the defendant to answer over on payment of costs. Settle interlocutory judgment on notice.