GREENWALD et al., Respondents, v. WALES, Sheriff, Appellant. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Joseph Greenwald and others against Augustus G. Wales, as sheriff of Broome county.

PER CURIAM. Judgment and order denying motion for a new trial reversed, and new trial granted, with costs to appellant to abide event, unless respondent will stipulate to reduce the judgment by deducting therefrom the damages given for detention, and, if such stipulation be given, the judgment then may stand affirmed, without costs to either party.

---

GREENWOOD v. BRIGHTS CHEMICAL CO. (Supreme Court, Appellate Division, First Department. January 17, 1902.) Action by Thomas Greenwood, as assignee, against the Brights Chemical Company. No opinion. Motion granted, with $10 costs.

---

GRIFFITHS, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by Harry Griffiths against the Metropolitan Street Railway Company. T. H. Lord, for appellant. F. E. M. Bullowa, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 66 N. Y. Supp. 801.

---

GROTE, Respondent, v. HOLLIS, Appellant. (Supreme Court, Appellate Term. October, 1901.) Action by George W. Grote, trustee, etc., against Henry B. Hollis. George W. Blunt, for appellant. Edward J. McGanney, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover for rent of certain premises leased by the defendant. The lease was in writing, and by its terms the defendant had rented the premises for one year and three months from February 1, 1900, at a yearly rent of $1,200 per year, with the privilege of a renewal for one year to May 1, 1902, at the yearly rental of $1,350; the rent for both terms to be paid monthly in advance. The defendant conceded upon the trial that he owed the rent for the month of April, 1901, and that the proof is amply sufficient to uphold the finding of the trial court that he held over and continued in possession of the demised premises until about the 23d day of May, 1901. It is claimed by the defendant that he served a written notice upon the plaintiff, at least 30 days prior to the expiration of the lease, to the effect that the premises would be vacated by him, and that the lease would not be renewed, and the refusal of the court below to allow proof of the service of such notice is argued upon this appeal as reversible error. In view of the fact that the tenant held over and retained possession of the rented premises after the expiration of his first term, such notice is of no avail as a defense to plaintiff's claim for rent accrued during the occupation of the premises by the defendant. Judgment affirmed, with costs. All concur.

---

HAGAN, Respondent, v. BUFFALO TRACTION CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by John Hagan against the Buffalo Traction Company. No opinion. Order affirmed, with costs.

---

HAINES, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. February 14, 1902.) Action by Samuel B. Haines against the Metropolitan Street Railway Company. T. H. Lord, for appellant. A. E. Kaufuss, for respondent. No opinion. Judgment and order affirmed, with costs.

---

HALL, Appellant, v. FALL BROOK RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 7, 1902.) Action by Henry Wilson Hall against the Fall Brook Railway Company. No opinion. Judgment and order affirmed, with costs.

---

HALLOCK, Respondent, v. FENNER et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by George E. Hallock, as executor, etc., against Kate Fenner and others. No opinion. Motion denied.

---

HALPIN v. COLEMAN et al. PEOPLE v. MUTUAL BREWING CO. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Actions by Paul Halpin against Matthew Coleman and another, and by the people of the state of New York against the Mutual Brewing Company. No opinion. Motions for reargument denied; but the order of reversal by this court may be modified, so as to provide for the cancellation of any changes noted upon the records in Albany or Queens counties, if any such changes were made in consequence of the leave to issue execution.

---

HAMILTON, Appellant, v. FABER, Respondent. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by Eleanor M. Hamilton, by guardian, against J. Eberhard Faber. M. A. Tyng, for appellant. G. Zabriskie, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 69 N. Y. Supp. 434.

---

HAMMOND v. NELSON et al. (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by Mary R. Hammond against Charles Nelson and others.

PER CURIAM. Order of county court, directing the sale of the mortgaged premises herein, modified by adding the words, "provided the same can be sold for an amount sufficient to pay the mortgage debt, interest, costs, and all expenses of sale, so as to avoid any deficiency judgment herein," and, as thus modified, affirmed, without costs of this appeal to either party.