JULIA CHESNY, Appellant, v. HEINZ H. CHESNY, Respondent.— Appeal by plaintiff from an order which dismissed the first and third causes of action in a third amended complaint, on the ground that they do not state causes of action, and dismissed the second cause of action insofar as it seeks injunctive relief, on the ground that it does not state a cause of action for such relief; and struck out one paragraph and part of another paragraph under rule 103 of the Rules of Civil Practice. Order modified on the law and the facts, by striking out the second, third, fifth, sixth and eighth ordering paragraphs, and by adding a paragraph as follows: " Ordered that in other respects the motion is denied." As thus modified, the order is unanimously affirmed, without costs, with leave to respondents to serve an answer to this complaint within twenty days from the entry of the order hereon. In the first cause of action appellant seeks an accounting by the respondent, her husband, of alleged community property in which she claims a right, in accordance with the laws of the State of California. Appellant alleges she and respondent were married in California in 1927 and the marital domicile was maintained there; that respondent in 1943 abandoned her and their child in California; and that she continued to be domiciled there. It is further alleged that in an action between the parties, a decree of separation was duly entered, after trial in the Supreme Court, Nassau County, State of New York, on the ground of abandonment; that subsequently respondent obtained a purported judgment of divorce in Mexico, and that respondent presently lives with and holds out another woman as his wife. The complaint quotes from statutes and the Constitution of the State of California providing for community property and the disposition of such

property in case of the dissolution of the marriage or on the granting of permanent support and maintenance to a spouse. The complaint also alleges that certain properties have been acquired by the respondent (with community funds). It is further alleged that under the law of California the right to an accounting and division of community property is an incident of the dissolution of the community, or an award of separate maintenance; the decree of separation in the action (in New York) is the equivalent of a dissolution of the community or an award of separate maintenance; and that the plaintiff wife may pursue her right to an accounting and division of the community property at the same time, or at any time subsequent to the dissolution of the community or an award of separate maintenance. If only the provisions of the Constitution and statutes of California quoted in the complaint were relied upon by appellant, they would not support the first cause of action. But the plaintiff alleges that they are among other provisions of the Constitution and statutes governing community property, and she thereafter alleges that under the law of California she may pursue her right to an accounting at the time or at any time subsequent to an award of separate maintenance. Since she does not assert that the law of California as to community property is contained only in the excerpts of the Constitution and statutes contained in the complaint, the truth of her allegations as to the law of California must await a trial for determination. (*Hanna* v. *Lichtenhein,* 225 N. Y. 579.) The complaint sufficiently pleads that law and facts which warrant its application. (*Schluter* v. *Bowery Sav. Bank,* 117 N. Y. 125; *Gleitsmann* v. *Gleitsmann,* 60 App. Div. 371; *Berney* v. *Drexel,* 33 Hun 34.) By the second cause of action appellant seeks (a) a declaratory judgment that she is the sole and only wife of the respondent, (b) an injunction restraining him from holding out any other woman as his wife, and other relief. The motion to dismiss did not challenge the cause of action so far as it sought a declaratory judgment. It was directed against the claim for injunctive relief. The allegations of that cause of action furnish no ground for the invocation of the general equitable power of the court to grant injunctive relief. (*Baumann* v. *Baumann,* 250 N. Y. 382; *Lowe* v. *Lowe,* 265 N. Y. 197.) There is no allegation of any threat by respondent to convey community property, or any allegation that the deeds to him and a woman other than appellant were to them as tenants by the entirety or that the other woman was designated as his wife or by his name in the deeds. No fact is alleged to sustain the conclusion that he will transfer to the other woman community property. Moreover, there is no allegation of California law which prohibits a transfer by him of his community interest. However, the allegations of paragraph 21 and part of paragraph 22 should not have been struck out. Motions to strike out parts of a pleading are not favored and should be denied unless the allegations have no possible bearing on the subject matter of the litigation. (*Zirn* v. *Bradley,* 269 App. Div. 961.) While the allegations of the second cause of action did not warrant injunctive relief, they set forth matters which may influence the Supreme Court in determining whether to retain jurisdiction of an action by a nonresident for a declaratory judgment. (Rules Civ. Prac., rule 212; *Krakower* v. *Krakower,* 264 App. Div. 912, affd. 291 N. Y. 604.) The third cause of action is, in effect, simply an additional prayer for injunctive relief as a corollary to the other causes of action. It does not plead facts sufficient to constitute a cause of action for an injunction. Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ. [See *post,* p. 697.]