WEHRENBERG v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. LIMITATION OF ACTIONS—CONTROLLING EFFECT OF STATUTES.

The time during which one may sue in the courts of the state is governed by statute, whether the litigants are natural or artificial persons, residents or nonresidents.

2. CORPORATIONS—FOREIGN—ACTIONS AGAINST—LIMITATION.

Code Civ. Proc. § 401, provides for the suspension of limitations while a defendant is without the state, but states that the section is inapplicable while a designation made under section 432, subd. 2, is in force. That subdivision provides for the service of summons on a foreign corporation by delivering it to a resident designated by such corporation for the purpose. *Held* that, where a foreign corporation has complied with section 432, subd. 2, it may plead limitations, based on plaintiff's failure to sue while a designation has been in force.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2590–2592.]

3. STATUTES—CONSTRUCTION.

In construing statutes, force and effect must be given to all the language; and, if there is a fair and reasonable construction possible, that must be adopted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 283.]

Appeal from Special Term.

Action by Dietrich W. Wehrenberg against the New York, New Haven & Hartford Railroad Company. From an interlocutory judgment sustaining a demurrer to the answer, defendant appeals. Reversed, and demurrer overruled, with leave to withdraw on payment of costs.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Wm. Greenough (Alexander S. Lyman, of counsel), for appellant.
L. M. Berkeley, for respondent.

CLARKE, J. The action was brought on April 6, 1907, to recover damages for trespass alleged to have been committed by this defendant by reason of its operation of passenger trains upon the railroad structure in Park avenue, opposite the premises No. 1481 Park avenue, the northeast corner of 108th street. The claim to damages is limited to the time of the plaintiff's ownership of the premises in question, to wit, from January 4, 1889, to April 29, 1896. The answer, besides setting up certain denials of material allegations of the complaint, set up as a third separate defense:

"That the said defendant alleges that it is a foreign corporation, organized under the laws of the state of Connecticut, and that pursuant to the statute in such case made and provided, by instrument in writing under the seal of the defendant corporation and duly executed, accompanied by the written consent of the person designated, duly filed in the office of the Secretary of State on the 28th day of December, 1892, it, the defendant, duly designated Frank E. Hall as a person upon whom personal service of a summons in any action brought against the defendant might be made, said designation specifying Grand Central Station, New York City, a place within the state of New York, as the office or residence of the person designated as aforesaid; that said designation is, and continuously since the said 28th day of December, 1892, has

been, in full force and unrevoked, and the place specified as the office or residence of the said person so designated is, and continuously since the said 28th day of December, 1892, has been, unchanged; and that the pretended cause or causes of action set forth in the complaint herein did not, nor did either of them, accrue to the plaintiff herein within six years next preceding the commencement of this action."

Plaintiff demurred to this defense upon the ground that it was insufficient in law upon the face thereof, and the demurrer was sustained. It is clear that the time during which the right to sue in the courts of this state may be exercised is governed by statute. This is so, whether natural or artificial persons, residents or nonresidents, are litigants. As said by Sedgwick, C. J., in Londriggan v. N. Y., N. H. & H. R., 5 Civ. Pro. R. 76:

"If it were not for section 401, Code of Civil Procedure, the limitation of the time of enforcing civil remedies would be applied to all defendants, irrespective of their being in or out of the state, residents or nonresidents, at the time of the accruing of the action or during the limited time."

Said section provides that:

"If, when the cause of action accrues against a person he is without the state, the action may be commenced within the time limited therefor, after his return into the state. If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for the space of one year or more, * * * the time of his absence * * * is not a part of the time limited for the commencement of the action. But this section does not apply while a designation made as prescribed in section four hundred and thirty or in subdivision second of section four hundred and thirty-two of this act remains in force."

Section 432 of the Code of Civil Procedure is entitled, "How Personal Service of Summons Made Upon a Foreign Corporation," and provides that:

"Personal service of a summons, upon a defendant, being a foreign corporation, must be made by delivering a copy thereof, within the state, as follows: * * * (2) To a person designated for the purpose by a writing, under the seal of the corporation, and the signature of its president, vice president or other acting head, accompanied with the written consent of the person designated, and filed in the office of the Secretary of State. The designation must specify a place, within the state, as the office or residence of the person designated; and if it is within a city, the street and the street number, if any, or other suitable designation of the particular locality. It remains in force, until the filing in the same office of a written revocation thereof, or of the consent, executed in like manner. * * * *"

The defense demurred to sets up precise compliance with this provision of law in regard to the designation of a person upon whom service may be made. The leading case for the proposition that a foreign corporation may not plead in this state the statute of limitations is Olcott v. Tioga R. R. Co., 20 N. Y. 210, 75 Am. Dec. 393. The statute construed in that case was 2 Rev. St. (1st Ed.) p. 297, pt. 3, c. 4, tit. 2, § 27, a re-enactment of 1 Rev. Laws, p. 186, § 5:

"If at the time when any cause of action specified in this article shall accrue against any person who shall be out of the state, such action may be commenced within the terms herein respectively limited after the return of such person into this state, and if after such cause of action shall have accrued, such

person shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

The reasoning of that case is as follows:

"The provision is that if, at the time the cause of action shall accrue against any person, he shall be out of this state, such action may be commenced within the term before limited after the return of such person into this state. But suppose the person, being an artificial, corporate body, legally confined to the territory of another state, cannot by possibility return here, then by a verbal construction of the sentence the action may be commenced at any time; for the period of limitation will never commence to run. * * * If the consequence is that a corporation in another state or country cannot enjoy the advantage of our act of limitation, the same is true of a natural person domiciled abroad and whose circumstances prevent his coming within our jurisdiction. The policy of our law is that no persons, natural or artificial, who are thus circumstanced, can impute laches to their creditors or those claiming to have rights of action against them in not pursuing them in the foreign jurisdiction where they reside. It was equitable and in accordance with the policy of the law of limitation that, when the reason for excusing the creditor from the use of diligence should cease by the debtor coming into the state, the obligation to use diligence should again attach. In ingrafting this policy upon the statute, the Legislature made use of general words which, though adequate to describe a corporation, did not contain any language referring specifically to a debtor who could not, by its constitution, pass from one territorial jurisdiction to another."

In the cases cited by the respondent, following the Olcott Case, the causes of action accrued prior to the enactment of sections 401 and 432 of the Code adopted in 1877, or there was no proof of compliance with the statute in regard to the filing of the duly authenticated designation. Respondent urges Boardman v. L. S. & M. S. R. R. Co., 84 N. Y. 157. While that case was decided in March, 1881, and so after the adoption of the Code of Civil Procedure, the cause of action covered a period from 1857 to 1863; and while the court did say,

"We are also of opinion that the plaintiff's demand is not barred by the statute of limitations. The claim arose originally against a foreign corporation. * * * A foreign corporation, sued in this state, cannot avail itself of the statute of limitations. Olcott v. Tioga R. R. Co., 20 N. Y. 210, 75 Am. Dec. 393; Thompson v. Tioga R. R. Co., 36 Barb. 79. And this rule obtains, although it has before the commencement of the action for the time specified in the statute continuously operated and carried on a railroad in this state and has property therein. Rathbun v. N. C. R. R., 50 N. Y. 656,"

—the cases cited were those when the statute was as noted in the Olcott Case, and there is no allusion in the opinion to the amendment of 1877, nor any suggestion that any designation had been filed. So, for two reasons, that the cause of action accrued before the change of the law and that the defendant failed to claim or prove the exemption, that case is not controlling upon the case at bar under the existing statute and the facts pleaded.

This question did arise in McClure v. Supreme Lodge, 41 App. Div. 131, 59 N. Y. Supp. 764, decided in May, 1899, and there Mr. Justice Spring said:

"The defendant being a foreign corporation, process could not be served upon it, and, like any nonresident, the statute of limitations would not inure to its benefit. But Code Civ. Proc. § 432, subd. 2, provides that the corporation may designate a person upon whom service can be made; and, if that is complied

with, the reason for the suspension of the statute does not exist. In this case, however, the attempt to designate such person was inadequate. The section mentioned provides the manner of making this designation, and three essential things were omitted in this endeavor: (1) It failed to designate the place where the service could be made. (2) It lacked the consent of the person designated. (3) It was not filed in the office of the Secretary of State. Inasmuch as the defendant is asserting its compliance with law in invalidating a certificate duly issued, it must show a fairly strict conformity to the law."

This is judicial recognition of the force and effect of the Code provision, and authorizes the deduction that if said provision had been complied with the defense would have been held good. It seems to me clear that, if a foreign corporation has strictly complied with the provisions of subdivision 2 of section 432, it may invoke the defense of the statute of limitations. It must be conceded that the Legislature has full power to determine how and when a foreign corporation may be sued, and, unless prevented by constitutional provisions, what defenses it may interpose. Unless these two sections, read together, mean that the statute may be interposed when the designation provided for has been made, the exception provided for in section 401 is absolutely meaningless. We are not permitted so to construe a statute. We are to give force and effect to all the language, and, if there is a fair and reasonable construction possible, that must be adopted. Complete rejection of language is nullification, and not interpretation.

I therefore reach the conclusion that the judgment appealed from must be reversed, with costs, and the demurrer overruled, with costs to the appellant. All concur.