ROBERT H. THORBURN, Respondent, *v.* DELLORA R. GATES, as Executrix, etc., of JOHN W. GATES, Deceased, and DELLORA R. GATES, as Executrix, etc., of CHARLES G. GATES, Deceased, Appellants, Impleaded with DELLORA R. GATES, as Trustee under the Last Will and Testament of JOHN W. GATES, Deceased, and Others, Defendants.

First Department, July 11, 1918.

Process — questions determined on motion to set aside service of summons — pleading — method of determining whether complaint states facts sufficient to constitute cause of action — executors and administrators — extraterritorial effect of letters granted by courts of foreign State — effect of determination by Federal court as to jurisdiction of State court in action between same parties — res adjudicata — validity of service of process upon foreign executor within this State.

Whether a complaint states facts sufficient to constitute a cause of action must be presented by demurrer or motion on the pleadings and cannot be considered on a motion to set aside the service of a summons.

On a motion to set aside the service of a summons upon a foreign executor within this State the court is not concerned with the manner of enforcing the judgment in this State or its validity in the foreign State.

Whether a State will give extraterritorial effect to letters testamentary or of administration granted by the courts of a foreign State is a mere matter of comity.

The question as to the jurisdiction of a State court cannot be determined *arguendo* by a judge of the United States District Court in advance and thus bind the State courts in an action thereafter brought between the same parties.

A decision of the United States District Court as to the jurisdiction of the State court is not *res adjudicata* in the latter court.

The Supreme Court of this State may, under section 1836a of the Code of Civil Procedure, obtain jurisdiction of a foreign executor as such by personal service of process upon him within this State.

APPEAL by the defendants, Dellora R. Gates, as executrix, etc., of John W. Gates and another, appearing separately, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of May, 1918, denying a motion to set aside the service of the summons therein.

*A. L. Humes* of counsel [*Byrne, Cutcheon & Taylor,* attorneys], for the appellants.

*Robert H. Thorburn,* for the respondent.

Page, J.:

The sole question presented for determination on this appeal is whether the Supreme Court can obtain jurisdiction of a foreign executor as such by personal service of process upon the executor within this State.

The appellants' counsel has discussed a number of propositions that cannot properly be raised upon this appeal. Whether the complaint states facts sufficient to constitute a cause of action must be presented by demurrer or motion on the pleadings and cannot be considered on a motion to set aside the service of a summons. Neither are we concerned, at this stage of the proceedings, with the manner in which a judgment that might be recovered could be enforced in this State nor whether it would be recognized and given effect in the State of Texas.

The appellants contend that it has been determined in two other actions between the same parties that the Supreme Court could not obtain jurisdiction of the defendants by the service of a summons on her personally within the State and that, therefore, the question is *res adjudicata.* (*Thorburn* v. *Gates,* 225 Fed. Rep. 613; S. C., 230 id. 922.) The two cases cited were brought in the United States District Court for the Southern District of New York, and the question under consideration was, did that court acquire jurisdiction of the executor appointed by the courts of Texas by service of its process within the Southern District of New York?

Whether a State will give extraterritorial effect to letters testamentary or of administration granted by the courts of a foreign State is, as stated by Mr. Justice Story, " a mere matter of comity, which every nation is at liberty to yield or to withhold, according to its own policy and pleasure, with reference to its own institutions and the interests of its own citizens." (*Vaughan* v. *Northup,* 15 Pet. 1, 5.) Judge Hand in his opinion (225 Fed. Rep. 613, 617) says: " It may be suggested that a federal court does assume jurisdiction over the determination of suits against executors, though it will leave to

the state courts of probate the actual enforcements of the decrees which result. In answer it must be remembered that a federal court is not the court of an independent state, and that in any event it does not attempt to obtain jurisdiction outside of the state in which the executor is appointed." Thus recognizing the settled policy of the Federal courts. If a Federal court refuses to take jurisdiction it does not necessarily follow that a State court will. The policy of the State in this behalf is established by its Legislature and courts. Judge HAND elaborately discussed the jurisdiction of the State courts, by reason of section 1836a of the Code of Civil Procedure, in an action at law against a foreign executor or administrator where process was personally served within the State and found that such court would not have jurisdiction and, therefore, concluded that jurisdiction in the Federal court was lacking. This was by way of argument and has no binding force or effect upon the State courts. The courts of this State are to determine their jurisdiction and construe the statutes of their own State. Such determinations are binding on the Federal courts unless some provision of the Constitution or laws of the United States is claimed to be violated, and in such a case the decision of the State court may be reviewed in an appropriate proceeding by the Supreme Court of the United States. The question cannot be determined *arguendo* by a judge of the United States District Court in advance and thus bind the State courts in an action thereafter brought between the same parties. We accept his decision that the United States District Court did not have jurisdiction as conclusive and binding. The question of the jurisdiction of the State court is not *res adjudicata*. The question is open for our consideration. Mr. Justice BIJUR at Special Term has held that the Supreme Court of this State did obtain jurisdiction, in an able and satisfactory opinion, which renders it unnecessary for us further to discuss the matter. (103 Misc. Rep. 292.)

The order should be affirmed, with ten dollars costs and disbursements.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.