THE BRADFORD COMPANY, Respondent, *v.* JAMES H. DUNN, Appellant.

First Department, June 13, 1919.

Foreign corporations — actions by — failure to secure certificate of authority as defense — pleading — answer — amendment alleging failure of plaintiff to secure certificate of authority — knowledge of defense at time of original answer.

The purpose of section 15 of the General Corporation Law requiring a foreign corporation to secure a certificate of authority, is to regulate and control the business of foreign stock corporations in this State, for the protection of the citizens of the State against any unlawful business of a foreign stock corporation and, if they are doing business in this State, to render them equally accessible to process with domestic corporations; compliance with the statute is a condition precedent to the right of a foreign

stock corporation to do business in the State, and the penalty for failure to comply with the statute is the prohibition to maintain any action in this State upon any contract made by it within the State.

The penalty imposed is primarily to compel obedience to our laws by such a corporation, and not that the defendant may repudiate a contract obligation.

In an action by a foreign corporation upon a contract made by it within this State the defense that said corporation had not obtained a certificate of authority may be alleged in an amended answer, although known to the defendant at the time the original answer was served.

APPEAL by the defendant, James H. Dunn, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of April, 1919, denying defendant's motion for leave to serve and file an amended answer to the second amended complaint.

*William M. Parke* of counsel [*Stanchfield & Levy* with him on the brief; *Harrington, Bigham & Englar*, attorneys], for the appellant.

*Walter H. Pollak* of counsel [*Carl S. Stern* with him on the brief; *Engelhard, Pollak, Pitcher & Stern*, attorneys], for the respondent.

PAGE, J.:

The action is brought to recover the prospective profits on a contract for the purchase of 20,000 horses at an average price of $174 apiece. The contract contained a clause that it would not be binding on the plaintiff unless a certain bank confirmation covering the entire purchase was delivered to the plaintiff by defendant's banker on or before May 11, 1915. The alleged failure to cause such confirmation to be delivered is the breach of the contract alleged in the complaint. The defendant is a British subject residing in London, England. The plaintiff is a foreign corporation organized and existing under and by virtue of the laws of the State of Connecticut. The contract was made in the city of New York. The action was commenced and an attachment was issued in the month of July, 1915. The answer to the second amended complaint was served on or about August 2, 1917, and consisted of denials of the allegations of the complaint. In March, 1919, the defendant moved for leave to serve an

amended answer incorporating therein, as a separate defense, that the plaintiff was a foreign stock corporation; that before and at the time of the alleged execution and delivery of the alleged contract sued upon, the plaintiff was doing business in the State of New York; that the alleged contract referred to in the complaint was made, executed and delivered, if at all, in the State of New York; that at the time of the alleged execution and delivery of said alleged contract, the plaintiff had not obtained a certificate of authority required by section 15 of the General Corporation Law. The motion was denied.

The principal contention in opposition to the motion was that the facts of the defense were known to the defendant at the time the answer was served. This was denied by the defendant's attorney. In my opinion, this consideration should not be given much weight. Section 15 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28)* was primarily designed to regulate and control the business of foreign stock corporations in this State, for the protection of the citizens of the State against any unlawful business of a foreign stock corporation and, if they were doing business in this State, render them equally accessible to process with domestic corporations. (*Emmerich Co.* v. *Sloane*, 108 App. Div. 330.) Compliance with the statute is a condition precedent to the right of a foreign stock corporation to do business in the State. (*Bean* v. *Flint*, 204 N. Y. 153; *Wood & Selick* v. *Ball*, 190 id. 217, 224.) Having complied with the law, it may sue in like manner as a domestic corporation, and is entitled to the equal protection of the laws of the State (*Davis Provision Co.* v. *Fowler Brothers, Ltd.*, 20 App. Div. 626; affd., 163 N. Y. 580; *People ex rel. Browning, King & Co.* v. *Stover*, 145 App. Div. 259), and to the same right to transact business as a domestic corporation. (*Burke* v. *Galveston, Houston & Henderson R. R. Co.*, 173 App. Div. 221.) The penalty for failure to comply with the statute is the prohibition to maintain any action in this State upon any contract made by it within the State. It is a part of the public policy of the State with reference to foreign corporations. Where a foreign corporation comes into

---

* Since amd. by Laws of 1917, chap. 594.— [REP.

this State and transacts its business here, it owes obedience to the laws in force here. (*German-American Coffee Co.* v. *Diehl*, 216 N. Y. 57.) It is primarily to compel obedience to our laws by such a corporation that the prohibition is imposed, and not that the defendant may repudiate a contract obligation. Therefore, such a defense should be allowed to be set up in furtherance of public policy, and the defendant should not be limited by strict rules.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, permitting the defendant to serve the amended answer, upon payment of all costs to date.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted upon defendant's paying all costs to date.