ANTHONY SUKOSKY, Respondent, *v.* PHILADELPHIA AND READING COAL AND IRON COMPANY, Appellant.

First Department, December 5, 1919.

Process — service upon foreign corporation — designation of person upon whom service may be made — estoppel.

A foreign corporation which has obtained a license to do business in this State under section 15 of the General Corporation Law and which has filed a certificate under section 16 of said act designating a person in this State upon whom process in actions and proceedings against it in this State may be served, is not entitled to have service made upon such person, in an action brought against it to recover for personal injuries, set aside upon the ground that service upon said person in such action was not authorized, assuming that our courts have jurisdiction of the action.

A foreign corporation, admitted to do business in this State, having designated a person upon whom service may be made, cannot limit the causes of action upon which it can be sued in the courts of this State.

As the State may exclude a foreign corporation altogether it may establish the obligation to submit to the jurisdiction of its courts as a condition of letting it do business here.

It is immaterial that said designation failed to conform to the statutes for the corporation is estopped from taking advantage of its own wrong.

APPEAL by the defendant, Philadelphia and Reading Coal and Iron Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of May, 1919, denying defendant's motion to set aside the service of a summons and complaint herein, as resettled by an order entered in said clerk's office on the 14th day of June, 1919.

*Pierre M. Brown* of counsel [*Macklin, Brown, Purdy & Van Wyck*, attorneys] for the appellant.

No appearance for the respondent.

Page, J.:

The complaint is not printed in the papers on appeal. The affidavit of the defendant's attorney states that the action is to recover damages for personal injuries sustained by the plaintiff while working as a miner in one of the defendant's mines in the State of Pennsylvania. The defendant is a Pennsylvania corporation. The facts concerning the plaintiff's residence are not stated in the record; we will, therefore, assume for the purpose of this appeal that he is a resident of this State.

After the decision by the Court of Appeals of the case of *Bagdon* v. *Philadelphia & Reading C. & I. Co.* (217 N. Y. 432) the person theretofore designated to receive service of process died, and the defendant filed with the Secretary of State a certificate stating its principal place of business in this State and providing that " process against the corporation in all actions or proceedings growing out of the business transacted by it in New York may be served upon David F. Lane, whose office and place of business is No. 17 Battery Place, Borough of Manhattan, New York City." Service of the summons and complaint in this action was made upon Lane at his office specified in said certificate. The defendant moved to set aside the service upon the ground that, as the cause of action did not arise out of the business transacted within this State, service of process on Lane was unauthorized and jurisdiction was not secured over the defendant.

We have recently had occasion to consider section 15 of the General Corporation Law, in compliance with the requirements of which the certificate was filed in the office of the Secretary of State (*Bradford Co.* v. *Dunn*, 188 App. Div. 454, 456), in which we held that section was primarily designed to regulate and control the business of foreign stock corporations in this State, for the protection of the citizens of the State against the transaction of any unlawful business by foreign stock corporations, and if they were doing business in this State, render them equally accessible to process as domestic corporations; com-

pliance with the statute was a condition precedent to the right of a foreign stock corporation to do business in the State; having complied with the law, it may sue in like manner as a domestic corporation, and is entitled to the equal protection of the laws of the State and to the same right to transact business as a domestic corporation; the penalty for failure to comply with the statute is the prohibition to maintain any action in this State upon any contract made within the State; it is a part of the public policy of the State with reference to foreign corporations; when a foreign corporation comes into this State and transacts its business here, it owes obedience to the laws in force here. In obedience to this section, the defendant, in strict conformity with section 16, filed a certificate designating a person upon whom process could be served without any limitation. Upon proof of such compliance and of the other necessary facts, the defendant procured the certificate of the Secretary of State, whereby it became vested with all the privileges and immunities secured to it by section 15, and entered upon the enjoyment thereof and has ever since then exercised the privileges thereby conferred. A foreign corporation cannot accept the benefits of the statute without assuming the burden thereby imposed. Having complied with the statute and obtained the certificate allowing it to do business in this State, it cannot, while enjoying the privileges thus secured, limit the causes of action upon which it can be sued in the courts of this State. The State could exclude the foreign corporation altogether, and, therefore, can establish the obligation to submit to the jurisdiction of its courts as a condition of letting it in. (*Flexner* v. *Farson,* 248 U. S. 289, 293.) It is said that such a corporation enters into a contract with the State, and that jurisdiction is acquired by reason of the consent of the corporation. (*Bagdon* v. *Philadelphia & Reading C. & I. Co., supra; Pennsylvania Fire Ins. Co.* v. *Gold Issue Mining Co.,* 243 U. S. 93.) It is suggested by appellant's counsel that if the designation should be held not to conform to the statute, then the corporation has not designated any one to accept service of process in this State. The corporation is estopped from taking such a position. It cannot take advantage of its own wrong. It was in the enjoyment of the privileges secured under its former des-

ignation.   Upon pleading and proving its original certificate of the Secretary of State, it could prosecute actions within the State.   It purported, in obedience to the statute, to designate a person to receive process in place of the deceased agent. Notwithstanding the limitation attempted to be imposed, in my opinion it should be held bound by any service of process, when the subject-matter of the action is within the jurisdiction of our courts — in other words, that the attempted limitation is void, and that the service of process in this case was a good and sufficient service.

We do not now pass upon the question whether the court should assume jurisdiction over the cause of action when the pleadings and facts of the plaintiff's residence are before the court.   We are only construing the designation and assuming, for the purpose of this appeal, that this is an action over which the court would assume jurisdiction if there was no question as to service of process.

The order should, therefore, be affirmed, without costs.

CLARKE, P. J., DOWLING, MERRELL and PHILBIN, JJ., concurred.

Order affirmed, without costs.