GEORGE A. HELME, Respondent, *v.* MARY E. BUCKELEW, as Executrix, etc., of FREDERICK L. BUCKELEW, Deceased, Appellant.

First Department, March 5, 1920.

Executors and administrators — jurisdiction — action against foreign executor — service of summons personally within State — Code of Civil Procedure, section 1836-a, construed — constitutional law.

Section 1836-a of the Code of Civil Procedure, in so far as it relates to actions against foreign executors, is not limited to the same classes of actions that are authorized by section 1780 to be brought against foreign corporations.

The courts of this State, by virtue of section 1836-a of the Code of Civil Procedure, acquire jurisdiction of a foreign executor in an action at law, by the service of the summons on him personally within this State, though there is no property of the estate within this State.

The jurisdiction of a State within its own territory is exclusive and absolute, and so the power of this State to confer jurisdiction on the courts over foreign executors is not affected by the fact that the State of the executor's residence or appointment has not authorized him to be sued in a foreign jurisdiction.

There is no merit in the contentions of the defendant on a motion to have the summons and its service set aside and vacated in an action against a foreign executor who was served personally within this State, that the service was not made on any person authorized to act as executor of the decedent's estate within this State; that the attempted service did not constitute due process of law; that the service of the summons can have no effect to confer jurisdiction on the court over the executor; that a judgment in the action would deprive the executor and the estate and the persons entitled to any portion thereof of their property without due process of law, in violation of the Federal Constitution, and that no judgment in the action would be entitled to full faith and credit under the Federal Constitution.

LAUGHLIN, J., dissents, with opinion.

APPEAL by the defendant, Mary E. Buckelew, as executrix, etc., from an order of the Supreme Court, made at the New

York Special Term and entered in the office of the clerk of the county of New York on the 11th day of August, 1919, denying defendant's motion to set aside the service of the summons.

*Martin Conboy* of counsel [*Henry T. Hall* with him on the brief; *Griggs, Baldwin & Baldwin,* attorneys], for the appellant.

*J. Ard Haughwout* of counsel [*Everett J. Esselstyn* with him on the brief; *Esselstyn & Haughwout,* attorneys], for the respondent.

PAGE, J.:

Section 1836-a of the Code of Civil Procedure provides: "An executor or administrator duly appointed in any other State, Territory or district of the United States or in any foreign country may sue or be sued in any court in this State in his capacity of executor or administrator in like manner and under like restrictions as a nonresident may sue or be sued," if there shall be filed within the times and in the manner therein provided a duly authenticated copy of his letters.

I cannot accept the conclusion of Mr. Justice LAUGHLIN that this section in so far as it relates to actions against foreign executors is to be limited to the same classes of actions that are authorized by section 1780 of the Code of Civil Procedure to be brought against foreign corporations. If such had been the intention of the Legislature, it would have provided in section 1836-a " in like manner and under like restrictions as a foreign corporation may sue or be sued." We are not to presume that the members of the Legislature are ignorant of the law and did not know the difference between the manner and restrictions of bringing an action against a non-resident of the State and against a foreign corporation. A non-resident may be sued upon any cause of action, the subject-matter of which is within the jurisdiction of the court, if the summons is personally served upon him within the State, and may be served by substituted service where property situated within the State is the subject of the action (Code Civ. Proc. § 438, subd. 5) or property is attached therein; in which case the judgment is conclusive only as to such property. On the other hand, a foreign corporation can maintain any action in the courts of this State of which the court has jurisdiction, except that it

cannot maintain an action upon a contract made by it within the State unless before entering into such contract it has complied with sections 15 and 16 of the General Corporation Law. (*Bradford Co.* v. *Dunn*, 188 App. Div. 454.) Having complied with those sections the foreign corporation may be served with a summons by service thereof upon the agent designated to receive service upon any cause of action within the court's jurisdiction. (*Sukosky* v. *Philadelphia & Reading Coal & Iron Co.*, 189 App. Div. 689.) If the foreign corporation is doing business within the State it is likewise subject to the service of process as provided in section 432 of the Code of Civil Procedure (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259), while if it is not doing business in this State jurisdiction is not obtained by service of process on the officers and persons specified in said Code section. (*Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270.) The reason of these limitations on the right of foreign corporations to maintain actions upon contracts made within the State and of subjecting them to our process if they are transacting business within the State, is primarily to regulate and control the business of foreign corporations in this State, for the protection of the citizens against any unlawful business of a foreign stock corporation, and if they come into the State and do business here to render them equally accessible to process with domestic corporations. (*Emmerich Co.* v. *Sloane*, 108 App. Div. 330; *Bradford Co.* v. *Dunn, supra.*) No such reason obtains with respect to a foreign representative of a decedent. These representatives are appointed to administer and distribute the estate in accordance with the provisions of the will of the testator or in accordance with the Statute of Distribution in case of intestacy. Executors are rarely authorized to carry on the business of the testator, and if they do, for contracts made by them or indebtedness incurred they are liable personally and not in their representative capacity. (*Stedman* v. *Feidler*, 20 N. Y. 437, 446; *Austin* v. *Munro*, 47 id. 360, 366.) To hold, therefore, that the Legislature only intended to permit foreign representatives to be sued as such, when they were carrying on business for the benefit of the estate within this State, is to say that the legislative amendment is futile, and can serve no purpose. Until the enactment of section 1836-a of the Code of Civil Procedure (Laws of 1911,

chap. 631) it was the settled law of this State that a foreign executor or administrator could not sue or be sued in the courts of this State. The reason of the rule in so far as it prohibited suits by foreign executors and administrators prosecuting actions in this State is clearly set forth in *Petersen* v. *Chemical Bank* (32 N. Y. 21, 42): "Foreign laws have no inherent operation in this State; but it is not on this account solely or principally that we deny foreign representatives of this class a standing in our courts. The comity of nations, which is a part of the common law, allows a certain effect to titles derived under and powers created by the laws of other countries." The opinion then refers to the fact that foreign corporations, receivers of foreign corporations, assignees of bankrupt and insolvent debtors, under the laws of other States and countries are allowed to sue in our courts, and resumes: "It is true their titles are not permitted to overreach the claims of domestic creditors of the same debtor, pursuing their remedies under our laws; but in the absence of such contestants they fully represent the rights of the foreign debtors * * *. It is not therefore because the executor or administrator has no right to the assets of the deceased, existing in another country, that he is refused a standing in the courts of such country, for his title to such assets, though conferred by the law of the domicile of the deceased, is recognized everywhere. Reasons of form, and a solicitude to protect the rights of creditors and others, resident in the jurisdiction in which the assets are found, have led to the disability of foreign executors and administrators, which disability, however inconsistent with principle, is very firmly established." Later the same court said: "The rule still remains that a foreign executor or administrator cannot sue as such in this State, although in cases where there are no creditors of the decedent within the State, the reason of the rule has little force." (*Taylor* v. *Syme*, 162 N. Y. 513, 518. See, also, *Wilkins* v. *Ellett*, 108 U. S. 256, 258.) The disability of the foreign representatives to sue is not a want of title, but a personal incapacity to sue, imposed as a matter of public policy for the protection of resident creditors of the estate. Because of the expense and inconvenience of ancillary administration, especially when there were no domestic creditors of the estate, in order that the assets might be collected or reduced to posses-

sion and transmitted to the domiciliary jurisdiction, many States removed the ban against the maintenance of actions by foreign executors and administrators. Among these States is New Jersey. (*Hayes* v. *Pratt*, 147 U. S. 557, 569.)

Before the enactment of section 1836-a of the Code of Civil Procedure it was the rule in this State, in harmony with that which generally obtained, that an action at law could not be maintained against a foreign executor or administrator, but suits in equity were often sustained. (*De Coppet* v. *Cone*, 199 N. Y. 56, 60; *McNamara* v. *Dwyer*, 7 Paige, 239; *Doolittle* v. *Lewis*, 7 Johns. Ch. 45.)

The decision of the case of *Thorburn* v. *Gates* (184 App. Div. 443, affg. 103 Misc. Rep. 292) did not rest upon the fact that the action was in equity to reach real and personal property of the decedent in this State, and, therefore, this court decided that jurisdiction was conferred by section 1836-a. There is no discussion of this proposition either in the opinion of Mr. Justice BIJUR at Special Term or in the opinion of this court. The reason for this omission is obvious. The courts of this State had sustained such actions in equity against foreign representatives prior to the enactment of section 1836-a. The learned judge of the United States District Court in *Thorburn* v. *Gates* (225 Fed. Rep. 613; 230 id. 922) had limited the effect of section 1836-a to cases not only where assets of the decedent were in this State, but further where the law of the State of decedent's domicile authorized such suits to be brought against representatives appointed therein, thus holding that a statute of this State which conferred jurisdiction upon our courts depended for its validity upon statutes of foreign States. It is well settled that statutes of foreign States have no binding force or effect beyond the territorial limits of that State, and yet it was held that such statutes limited our Legislature in its power to confer jurisdiction upon our courts. We referred to this decision of the United States District Court and expressly repudiated it. (184 App. Div. 445.) We, therefore, considered the effect of section 1836-a generally and not with reference to the particular cause of action alleged. A similar contention is made, on this appeal, by the appellant that inasmuch as the laws of the State of New Jersey do not permit actions to be brought in that State against foreign representatives, no other

State can authorize an action to be brought within its jurisdiction against a New Jersey executor. *Babbitt* v. *Fidelity Trust Co.* (70 N. J. Eq. 651) is cited as an authority sustaining this contention. That was an action in the courts of New Jersey against a Pennsylvania executor. The court stated: " The general rule is well settled that an executor or administrator cannot in his representative capacity, maintain any action, suit or proceeding, either at law or in equity, in the courts of any sovereignty other than those under whose laws he was appointed or qualified, without obtaining an ancillary grant of probate or letters from the court of probate of such other sovereignty, unless power to sue in the foreign jurisdiction has been conferred upon him by statute  *  *  ·*. And similarly the rule is that an executor or administrator cannot be sued in his representative character, unless he is made liable by statute, either at law or in equity, in the courts of any State or country other than that in which he received his appointment." The court held that inasmuch as the laws of New Jersey had not authorized such an action against foreign representatives the action could not be maintained. No reference is made to the laws of Pennsylvania. All the cases cited in the opinion are New Jersey cases. There can be no question but that the jurisdiction of the courts of a State is fixed and determined by the Constitution or laws of the State, and cannot be extended or limited by the laws of any other State. The jurisdiction of courts is part and parcel of the sovereign power of the State. The jurisdiction of the State within its own territory is necessarily exclusive and absolute; it is susceptible of no limitation not imposed by itself. Any restriction upon it deriving validity from an external source would imply a diminution of its sovereignty, to the extent of the restriction, and an investment to the same extent in that power which could impose such restriction. (*The Exchange*, 7 Cranch, 116, 135.)

In the present case we are not advised of the cause of action. The action was commenced by the personal service upon the defendant within this State of a summons, with a notice that in default of appearance or answer judgment would be taken for $25,000. The action is, therefore, an action at law. The defendant appearing specially upon affidavits alleging that she was and is a resident of Washington, District of Columbia,

and that letters testamentary were issued to her by a probate court of New Jersey, and that there are no assets of the estate within the State of New York, moved for an order directing the service of the summons and the summons be vacated and set aside and decreeing that the Supreme Court of the State of New York obtained no jurisdiction over the defendant. The grounds of the motion were: (1) That service was not made on any person authorized to act as executrix of the decedent's estate within the State of New York. (2) That the attempted service does not constitute due process of law. (3) That the service of the summons can have no force or effect to confer jurisdiction upon the court over the executrix of the estate, or any part thereof. (4) That a judgment herein would deprive the executrix and the said estate and the persons entitled to any portion thereof, of their property without due process of law, in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States. (5) That no judgment in this action would be entitled to full faith and credit or to any faith and credit under the provisions of section 1 of article 4 of the Constitution of the United States. We will consider these objections to the jurisdiction seriatim. It is unfortunate that there are no pleadings in the case so that the facts of this particular cause of action are not before us admitted by a demurrer if the alleged jurisdictional defect appeared upon the face of the complaint or the facts relied upon to show the lack of jurisdiction set forth in an answer. Considered generally the first three objections have no merit. (1) As we have heretofore stated, a foreign executor is authorized to act as such in the State of New York, not to administer the estate, but to collect the assets, the sole disqualification that formerly existed being that he could not maintain an action, but he could collect from a resident debtor or receive property, provided the same was voluntarily paid or given, and his receipt therefor would be good as against a subsequent claim by a domestic creditor or an ancillary administrator. (*Wilkins* v. *Ellett,* *supra.*) He could assign choses in action, and although plainly made for the purposes of suit in his behalf which he could not bring, the assignee could prosecute the action in our courts. (*Petersen* v. *Chemical Bank, supra.*) He could exer-

cise a power of sale of mortgaged lands situate within this State. (*Doolittle* v. *Lewis, supra.*) As a matter of comity the courts of this State have recognized the grant of foreign letters by courts of other States. As a matter of public policy, a personal disqualification was imposed against their suing or being sued in our State. The Legislature has now removed this disqualification and by filing copies of the foreign letters the capacity to sue and be sued in their representative capacity is given. How far foreign laws, appointment of foreign receivers, insolvency assignees and personal representatives of a decedent are to be recognized and given effect in this State is a matter of comity and public policy. The Legislature is the proper authority to declare the public policy of the State. By the enactment of section 1836-a of the Code of Civil Procedure, the public policy that had theretofore prohibited foreign representatives being litigants in our courts was declared no longer existent. Therefore, service of the summons was made upon a person, authorized in that behalf, to act as executrix of the decedent's estate, within the State of New York. (2) That the service of a summons issued from a court of general original jurisdiction, affording the party an opportunity to appear, answer and be heard in his defense, according to the settled law and practice, is due process of law, is too evident to require demonstration. (3) We have shown under (1) that the service of the summons confers jurisdiction upon the court over the executrix, and not only now, but always gave jurisdiction in equity actions over any portion of the estate situated in this State. (4) Section 1836-a of the Code of Civil Procedure does not violate section 1 of the Fourteenth Amendment of the Constitution of the United States. The Code section applies to all persons similarly situated, and makes applicable to foreign executors and administrators the law and procedure which had from time immemorial obtained with respect to non-residents of the State. There can be no arbitrary or unjust deprivation of any one of property thereunder. The summons is the usual process for the institution of judicial action. There is no difference in the method of trial or procedure from the ordinary modes prescribed by law. It secures to the parties an opportunity to be heard respecting the justice of the judgment sought, and the proceedings are governed by the general rules

established in our system of jurisprudence for the securing of private rights. (*Hagar* v. *Reclamation District No. 108,* 111 U. S. 701, 708.) If any property is taken as a result of this action it will be because, according to the settled principles of jurisprudence, such a taking is authorized by a judgment of a court of competent jurisdiction, after a trial of the issues, or a full opportunity to meet the issues of which the defendant has failed to take advantage. (5) If a judgment is entered in this action it would be entitled to full faith and credit in all other States. By the Constitution of the United States and the acts of Congress supplemental thereto (U. S. Const. art. 4, § 1; 1 U. S. Stat. at Large, 122, chap. 11; now U. S. R. S. § 905), full faith and credit must be given in each State to the judgments of the courts of other States. It is recognized as a well-settled principle of law that the State of the forum may by law recognize foreign letters testamentary or of administration and may allow the foreign representative to sue, or to be sued in the courts of the State. All of the statements of the general rule holding otherwise expressly state that such rule obtains only in the absence of such enabling acts. An action against a foreign executor or administrator as such (like an action against a domestic executor or administrator) is an action *in personam.* The Supreme Court of the United States in cases that will be considered more in detail later, said: The argument seems to be " that the judgment against the administrator is against the estate of the intestate, and that his estate, wheresoever situate, is liable to pay his debts. * * * This argument assumes * * * that the estate has a sort of corporate entity and unity. But this is not true, either in fact or in legal construction. The judgment is against the person of the administrator, that he shall pay the debt of the intestate out of the funds committed to his care." (*Stacy* v. *Thrasher,* 6 How. [U. S.] 44, 60; *Johnson* v. *Powers,* 139 U. S. 156, 161.) The action being against the person of the executrix and personal service having been made within this State, and such service authorized by the laws of this State, the court acquired jurisdiction of the person of the defendant and could enter a valid judgment in the action. We must assume that the subject-matter of the action will be such as to be within the jurisdiction of the court, for otherwise we cannot consider it possible that the

courts of this State would give judgment in plaintiff's favor and the defendant will have full opportunity to present that question should it arise before any judgment could be entered. The two cases last above cited are urged for the proposition that a judgment granted against an administrator in another State does not bind the administrator in the State of the domicile. In those cases, however, the question arose upon judgments granted against ancillary administrators, and it was held that there was no privity between the two administrators, for they derived their authority from different sovereignties, and were distinct persons in their representative capacity, although the same person was appointed both domiciliary and ancillary administrator. Where, however, the action is against the foreign representative as such there are not different persons appointed in different jurisdictions. The foreign representative is the party to the action and as to him the judgment will be conclusive and entitled to full faith and credit in other States. This decision does not run counter to the case of *Pennoyer* v. *Neff* (95 U. S. 714), for there a judgment *in personam* was granted upon substituted service without the State, nor to the case of *Riverside Mills* v. *Menefee* (237 U. S. 189) which rests upon the same ground. It was therein held that unless the foreign corporation was doing business within the State, service of a process upon an officer of said corporation temporarily within the State was not personal service, but an attempt to make substituted service which would not authorize a personal judgment.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur; LAUGHLIN, J., dissents.

LAUGHLIN, J. (dissenting):

A copy of the summons was delivered to the defendant in the county and State of New York on the 17th of July, 1919. The title of the action shows that it was brought against the party served not individually but as executrix of the last will and testament of Frederick L. Buckelew and there was indorsed on the summons a notice to the effect that upon default in

appearing or answering it judgment would be taken against the defendant for $25,000, with interest thereon from the 20th of November, 1912, and for costs of the action. On the 6th of August, 1919, the defendant caused to be served on the attorneys for the plaintiff a notice of special appearance, for the purpose only of moving to set aside the service of the summons, and order to show cause why that relief should not be granted, based on the special appearance and on the summons and notice annexed thereto and on her affidavit and an affidavit of the managing attorney for the attorneys appearing specially for her and an affidavit of a member of the bar of New Jersey, returnable on the 8th of August, 1919. The motion was heard on those papers only and denied.

The point attempted to be presented by the motion is that the court has no jurisdiction over the defendant who is sued only in a representative capacity as executrix of a decedent who was a resident of Middlesex county, N. J., where he died on the 12th of June, 1917, leaving a last will and testament naming the defendant Mary E. Buckelew his sole executrix and naming her *individually* his sole legatee and devisee. The will was duly admitted to probate in said county and letters testamentary were there issued to the executrix and she is not and never has been a resident of the State of New York but resided at Washington, D. C., when the service was so made on her. The decedent left no assets in this State and in the probate proceedings in New Jersey the necessary action was taken as required by the laws of that State requiring that all claims against the estate be presented to the executrix and that the time for presenting such claims expired before the delivery of the summons to her and no claim was presented by the plaintiff. The affidavit of the member of the bar of New Jersey shows that there is no statute of New Jersey subjecting an executor or administrator appointed by the courts of that State to a suit in a jurisdiction other than that of the State of New Jersey and that the decisions of the courts of that State recognize and affirm the rule that executors are not subject to compulsory process outside the State of their appointment unless they are qualified and appointed under ancillary proceedings in the jurisdictions in which they are sued; and he cites *Babbitt* v. *Fidelity Trust Co.* (70 N. J. Eq. 651) and states that it has not

been overruled or modified by any subsequent decision. In that case it was held that the courts of New Jersey were without jurisdiction of an action against executors appointed in Pennsylvania to whom no ancillary letters had been issued in New Jersey, there being no assets of the testator in New Jersey and the executors having performed no acts there and having objected to the jurisdiction; and the rule was broadly announced that with the exception of certain actions for an accounting, the courts of one State cannot acquire jurisdiction by compulsory process against executors or administrators appointed in a foreign jurisdiction in the absence of statutory authority therefor, by which, as I read the decision, is meant authority conferred by the laws of the State in which they are appointed. (See *Thorburn* v. *Gates*, 225 Fed. Rep. 613; 230 id. 922.) It was also held in that case and it is well-settled law that letters of administration operate only within the jurisdiction where they are granted, and do not and could not authorize the executors or administrators to collect debts or to recover possession of property in another jurisdiction by actions, suits or other proceedings either at law or in equity unless by the laws of such jurisdiction that is permitted. The only distinction I am able to make between that case and this is that there, the State of New Jersey had not conferred authority on foreign executors to sue in that State or attempted to confer jurisdiction on the courts of that State over foreign executors, whereas by section 1836-a of the Code of Civil Procedure (as added by Laws of 1911, chap. 631) the Legislature of this State has conferred authority upon foreign executors and administrators to sue in their representative capacities in this State and has attempted to confer authority to sue them here. That, however, I think is not controlling inasmuch as the foreign executrix has not attempted to exercise the privilege conferred by said section and is not here in her representative capacity as executrix. The object of this action is to establish a claim, not against the executrix individually, but against the *estate* of which she is the representative and authorized and required to administer in New Jersey. The point presented by the appellant does not go to the constitutionality of said section 1836-a but relates rather to the construction thereof, for there may be and often are assets here and it is conceivable that a

foreign executor or administrator might be transacting business here in a representative capacity in such a manner as to subject him in such representative capacity to the service of process here and to the jurisdiction of our courts under said section. The court at Special Term and counsel for the appellant on the appeal relied on *Thorburn* v. *Gates* (103 Misc. Rep. 292), which was affirmed by this court (184 App. Div. 443). I am of opinion, however, that the point here presented was not decided in that case, for there it appeared by the complaint that the object of the action was primarily to reach real and personal property of the decedent within this State. That action was first brought in the Federal court in the Southern District of New York and the summons was dismissed on the ground that an action against an executor in his representative capacity is in the nature of an action *in rem* and can only be maintained in the jurisdiction where he was appointed or in a jurisdiction where there are assets of the estate, which are the subject-matter of or it is sought to reach in the action. (*Thorburn* v. *Gates*, 225 Fed. Rep. 613; 230 id. 922.) The action was then brought in our Supreme Court and a motion to dismiss the service was made on the summons and complaint, and it appearing by the complaint that it was a suit in equity to reach assets of the estate within this jurisdiction it was held that said section 1836-a conferred jurisdiction for the maintenance of the action here. In the case at bar, however, it stands uncontroverted that the decedent left no assets within this jurisdiction and that his executrix has performed no act in her representative capacity here, and was not here in her representative capacity when sued. The only possible theory, therefore, upon which the plaintiff can be permitted to maintain the action here is to liquidate his claim against the estate of the decedent, and unless a judgment herein will be protected by section 1 of the Fourteenth Amendment of the Federal Constitution with respect to due process and by the full faith and credit provision of section 1 of article 4 of the Federal Constitution so that it will be enforcible against the estate in the State of New Jersey, there is no propriety in allowing the action to be prosecuted here and the court should decline jurisdiction. (*Riverside Mills* v. *Menefee,* 237 U. S. 189. See, also, *Pennoyer* v. *Neff,* 95 U. S. 714.) The point here presented has not been authoritatively decided

by the courts of this State. The only extent to which our decisions have gone is in holding that an action against a foreign executor or administrator relating to real or personal property here is in the nature of an action *in rem* over which our courts have jurisdiction against such a foreign representative of an estate under said section 1836-a of the Code; and the Court of Appeals in *Holmes* v. *Camp* (219 N. Y. 359) expressly refrained from deciding whether jurisdiction beyond this has been lawfully conferred by said section upon the courts of this State. The courts of our State have repeatedly recognized the distinction between the individual and representative character of the individual as an executor or administrator and have held that the representative character depends for its existence upon and does not pass beyond the jurisdiction of its origin. (*Hopper* v. *Hopper*, 125 N. Y. 400; *Field* v. *Gibson*, 20 Hun, 274; *Bostwick* v. *Carr*, 165 App. Div. 55.) I am of opinion that this case should be held to fall within the rule applicable to a foreign corporation not doing business here over which it has been sought to obtain jurisdiction by service on an officer thereof within the State, and in such a case notwithstanding the fact that jurisdiction over foreign corporations has been conferred by the Legislature by like general language, it is a well-settled rule that no jurisdiction is obtained over the corporation of which the individual served is an officer. (*Goldey* v. *Morning News*, 156 U. S. 518; *Riverside Mills* v. *Menefee, supra.* See, also, *Grant* v. *Cananea Consolidated Copper Co.*, 189 N. Y. 241; *Dollar Co.* v. *Canadian C. & F. Co.*, 220 id. 270.)

Counsel for the respondent also relies on the exercise of jurisdiction by courts of equity over trustees for the preservation of assets although the authorities and duties of trustees may have arisen in another jurisdiction where the assets are distributable (See *Reading* v. *Haggin*, 58 Hun, 450; *Paget* v. *Stevens*, 143 N. Y. 172. See, also, *Hallenborg* v. *Greene*, 66 App. Div. 590, not cited), but manifestly the theory upon which the jurisdiction is exercised in that class of cases has no application to the case at bar, which is an action at law to recover a judgment for money only, and solely for the benefit of the plaintiff.

I am, therefore, of opinion that said section 1836-a of the Code does not authorize the maintenance of this action and

that any judgment recovered herein would not be binding on the defendant in her representative capacity in the State of New Jersey. It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Order affirmed, with ten dollars costs and disbursements.