In the Matter of the Application for a Compulsory Accounting in the Estate of THOMAS STANLEY NEDHAM, Deceased.

HENRY BLAND NEDHAM, as Executor, etc., of THOMAS STANLEY NEDHAM, SR., Deceased, Appellant; EMILY CROMWELL NEDHAM, as Executrix, etc., of THOMAS STANLEY NEDHAM, JR., Deceased, Respondent.

First Department, May 28, 1920.

Wills — devise in trust for use of wife for life with remainder over to children — interest of child not divested by his death before death of his mother — accounting — right of foreign executrix to compel accounting without taking out ancillary letters.

Under a will devising property in trust for the benefit of the wife of the testator for life and directing that after her death the property be divided equally among the testator's children, a child takes a vested interest in the property on the death of his father which is not divested by the child's death prior to that of the testator's wife.

The executrix of a will duly proven in New Jersey may maintain proceedings in this State under section 1836-a of the Code of Civil Procedure to compel an accounting by the executor of a will in which her testator was a devisee, though ancillary letters have not been issued in this State.

APPEAL by Henry Bland Nedham, as executor, from an order of the Surrogate's Court of the county of New York, entered in the office of the clerk of said Surrogate's Court on the 1st day of March, 1920, requiring the appellant to render an accounting.

*Lilian Herbert Andrews*, for the appellant.

*William C. Arnold* of counsel [*Russell E. Burke* with him on the brief], for the respondent.

SMITH, J.:

Thomas Stanley Nedham died on the 23d day of March, 1908, leaving a will which was probated May 6, 1908. In that will, after certain specific legacies, Nedham devised the use of his entire estate to his wife, and after giving certain specific legacies, provided as follows:

" All the rest, residue and remainder of my estate, both

real and personal of every name and nature, of which I may die possessed, or entitled to, or to which I may hereafter become entitled, I give, devise and bequeath to my said Executors or their successors in trust to collect and receive the rents, issues and income thereof, pay out such sums as are necessary or proper for taxes, interest, assessments, repairs or other necessary or proper disbursements, to invest any moneys they may receive in such securities as they may deem advisable, to change and alter investments in their discretion, and to pay over the net income of my said estate to my wife, Angelina Nedham, during her lifetime.  *  *  *  Upon the death of my said wife, I direct my said Executors or Trustees or their successors, to divide my entire estate into four (4) equal portions or shares, and to pay over one of said portions or shares to my son Thomas Stanley Nedham; another of said portions or shares to my daughter Mary Angelina Nedham; a third portion or share to my daughter Emily Louisa Nedham, and the fourth portion or share to my son Henry Bland Nedham."

After the death of Thomas Stanley Nedham, his son Thomas Stanley Nedham died leaving a will by which he gave all his property, real and personal, to his wife, Emily Cromwell Nedham, and she was named as executrix under his will. The will was proven in the State of New Jersey. Thereafter she duly qualified as executrix in that State, and she has brought this proceeding in New York State to compel the executor under the will of her husband's father to account.

Before the surrogate the only objection urged was that by reason of the death of Thomas Stanley Nedham, Jr., before the death of the widow of the testator, if any estate could be deemed to have vested in the said Thomas Stanley Nedham, Jr., that interest has been divested, so that the petitioner has no interest whatever in the estate. We are of the opinion that the surrogate properly decided that the will gave to the petitioner's testator a vested interest which survived the life estate of the widow.

Upon this appeal, however, the appellant urges that the Surrogate's Court has no jurisdiction to order this accounting, because the petitioner was a foreign executrix, no ancillary letters having been taken out in this State.

This objection would seem to be answered by section 1836-a of the Code of Civil Procedure, added by chapter 631 of the Laws of 1911, which gave to a foreign executor or administrator the right to bring any action in any court of this State. This would clearly include the right to bring this proceeding, so that the objection is not well taken. (See *Helme* v. *Buckelew,* 191 App. Div. 59.)

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.